IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOSEPH ANTONIO, *et al.* | * | |
| Plaintiffs, | * | |
| | * | Civil Action No. AW-05-2982 |
| SECURITY SERVICES OF AMERICA, LLC, *et al.* | * | |
| Defendants. | * | |

*****

## MEMORANDUM OPINION

Plaintiffs bring this suit against Defendants Security Services of America, LLC, ABM Industries, Inc., SSA Security, Inc. (the "Corporate Defendants"), Jeremy Daniel Parady ("Parady"), Aaron Lee Speed ("Speed"), Patrick Stephen Walsh ("Walsh") Michael McIntosh Everhart ("Everhart) and Roy McCann ("McCann") (collectively, "Defendants"), alleging, among other things, that Defendants violated Plaintiffs rights under the Fair Housing Act, 42 U.S.C. § 1982, 42 U.S.C. § 1985, and the Maryland Fair Housing Law. Plaintiffs' Amended Complaint also includes several common law claims. Parady, Speed, Walsh, Everhart, and McCann (collectively, "Individual Defendants") were indicted on federal conspiracy and arson charges. Plaintiffs concede that the criminal cases against the individual Defendants arise out of the same incidents that give rise to the instant civil suit. Defendants Parady and Speed pled guilty to the conspiracy change. Walsh stood trial, and a federal jury found him guilty of thirty-five felony counts of arson and one count of conspiracy to commit arson.

Currently pending before the Court is Defendant Speed's Motion to Dismiss Count II of Plaintiffs' Amended Complaint (Paper No. 140). Defendant McCann has moved to adopt Defendant

Speed's Motion (Paper No. 142). Also pending is the Corporate Defendants' Motion Objecting to Plaintiffs' Annual Report on Attorneys' Fees and Costs (Paper No. 153). Defendant Speed has moved to adopt the Corporate Defendants' Motion (Paper No. 154). Finally pending before the Court is a Motion to Stay Proceedings (Paper No. 178) filed by Defendant Walsh. Having reviewed the entire record, as well as the Pleadings with respect to the instant motion, the Court finds that a hearing on the motions is unnecessary. *See* Local Rule 105.6 (D. Md. 2004). The Court will GRANT the motions to dismiss, DENY the motions objecting to Plaintiffs' Annual Report, and DENY the Motion to Stay.

## DISCUSSION

### Motion to Dismiss Plaintiff's Claim Under Maryland Fair Housing Law

A.  Standard of Review

A court must deny a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief." *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In determining whether to dismiss a complaint pursuant to Rule 12(b)(6), this Court must view the well-pleaded material allegations in the light most favorable to the plaintiff and accept the factual allegations contained within the plaintiff's complaint as true. *See Flood v. New Hanover County*, 125 F.3d 249, 251 (4th Cir. 1997) (citing *Estate Constr. Co. v. Miller & Smith Holding Co., Inc.*, 14 F.3d 213, 217-18 (4th Cir. 1994)); *Chisolm v. TranSouth Finan. Corp.*, 95 F.3d 331, 334 (4th Cir. 1996). The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) (citing *Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir. 1981)); *Young v. City of Mount Ranier*, 238 F.3d 576, 577 (4th Cir. 2001) (the

mere "presence . . . of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6)"). Nor is the Court "bound to accept [Plaintiffs'] conclusory allegations regarding the legal effect of the facts alleged." *United Mine Workers of Am. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085-86 (4th Cir. 1994); *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

B. Analysis

Plaintiffs filed an Amended Complaint in this action on November 3, 2006 alleging discriminatory housing practices under federal and state law. Count II of Plaintiffs' Amended Complaint alleges a violation of Maryland Fair Housing Law ("MFHL"), Md. Code Ann. Art. 49B, § 19 *et seq*. Defendants argue that Count II of the Complaint should be dismissed as a matter of law because Plaintiffs failed to exhaust administrative remedies prior to bringing this action as is required by the statute. Plaintiffs posit that the statute allows a plaintiff to initiate a civil action without resorting first to an administrative proceeding. The parties have neither cited nor has the Court find a case that squarely addresses the parties' different interpretation of the statute. Plaintiffs cite *Project Life, Inc. V. Glendening*, No. WMN-98-2163, 1998 WL 1119864 (D. Md. 1998) in which Judge William M. Nickerson of this Court stated that "Maryland's fair housing provisions are to be interpreted in *para materia* with those of its federal counterpart[.]" The parties agree that the federal Fair Housing Act permits an individual to either file an administrative complaint with the Secretary of Housing and Urban Development ("HUD") or commence a civil action for an alleged violation of the statute. Defendants, however, argue that the plain reading of Maryland's statute shows that the filing of an administrative claim is a prerequisite to the filing of a civil action under the MFHL. Because the language of the federal statute differs from that of the MFHL, the Court resorts to the plain language of the statute.

The federal Fair Housing Act provides that:

(1)(A) An aggrieved person may commence a civil action in an appropriate United States district court or State court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice, or the breach of a conciliation agreement entered into under this subchapter, whichever occurs last, to obtain appropriate relief with respect to such discriminatory housing practice or breach.
(B) The computation of such 2-year period shall not include any time during which an administrative proceeding under this subchapter was pending with respect to a complaint or charge under this subchapter based upon such discriminatory housing practice. This subparagraph does not apply to actions arising from a breach of a conciliation agreement.
(2) *An aggrieved person may commence a civil action under this subsection whether or not a complaint has been filed under section 3610(a) of this title* and without regard to the status of any such complaint, but if the Secretary or a State or local agency has obtained a conciliation agreement with the consent of an aggrieved person, no action may be filed under this subsection by such aggrieved person with respect to the alleged discriminatory housing practice which forms the basis for such complaint except for the purpose of enforcing the terms of such an agreement.

42 U.S.C. § 3613 (a)(1)-(2) (emphasis added). The counterpart language of the MFHL provides that:

(a)(1)(i) In accordance with this section, an aggrieved person may commence a civil action in an appropriate State court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice, or the breach of a conciliation agreement entered into under this subtitle, whichever occurs last, to obtain appropriate relief for the discriminatory housing practice or breach.
(ii) Except as provided in subparagraph (iii) of this paragraph, the computation of the 2-year period shall not include any time during which an administrative proceeding under this subtitle was pending for a complaint or charge based on the discriminatory housing practice.
(iii) Subparagraph (ii) of this paragraph does not apply to actions arising from a breach of a conciliation agreement.
(2) *Except as provided in paragraph (3) of this subsection, an aggrieved person may commence a civil action under this subsection not sooner than 130 days after a complaint has been filed under § 27 of this subtitle* and regardless of the status of any complaint.

Md. Code Ann. art. 49B, § 33 (a)(1)-(2) (emphasis added). Most relevant to the issue here is the different language Maryland's legislature decided to use in drafting Maryland's housing

4

discrimination statute.  *Compare* 42 U.S.C. § 3613 (2) *with* Md. Code Ann. art. 49B, § 33 (a)(2).

It is clear from the plain language of the federal statute that Congress intended to provide for the commencement of a civil action without regard to whether the aggrieved person initiated a HUD proceeding prior to filing suit.  The federal statute expressly states that a plaintiff "may commence a civil action under [the Fair Housing Act] *whether or not*" an administrative claim was filed first.  42 U.S.C. § 3613 (2) (emphasis added).  The corresponding language in the Maryland statute, however, is not indifferent to the requirement of filing an administrative claim prior to the commencement of a civil suit.  More particularly, the MFHL provides that "aggrieved person may commence a civil action . . . *not sooner than 130 days after a complaint has been filed*" before the Maryland Human Resources Commission.  Md. Code Ann. art. 49B, § 33 (a)(2) (emphasis added).  The decision of the Maryland legislature to stray away from the "whether or not" language of the federal statute is strong evidence that the Maryland legislature intended to make the filing of an administrative claim a prerequisite to the commencement of a civil action under the MFHL.

The plain language of MFHL provides both a minimum and a maximum time period for the filing of a civil action.  An aggrieved party must file the civil action within two years of the alleged discriminatory conduct but not before 130 days *after* filing an administrative claim.[1]  As such, the filing of an administrative claim must precede the filing of a civil action under MFHL.  Plaintiffs do not allege anywhere in the Amended Complaint that they have filed a complaint before the Maryland Human Resources Commission against Defendants.  Because Plaintiffs have not filed an administrative claim prior to filing this action, Count II of Plaintiffs' Amended Complaint must

---

[1] The statute tolls the two year period during the pendency of the administrative claim. Md. Code Ann. art. 49B, § 33 (a)(1)(ii).

be dismissed.

**<u>Motion Objecting to Plaintiff's Annual Report on Attorneys' Fees and Costs</u>**

The Corporate Defendants and Defendant Speed have filed a motion objecting to Plaintiff's Annual Report on fees and costs. Local Rule 109 and Appendix B require counsel for a party intending to seek fees if the party prevails to submit to opposing counsel quarterly reports regarding fees and costs. Defendants assert that Plaintiffs have waived their right to collect any potential attorneys' fees incurred between July 1, 2005 and December 31, 2006, because Plaintiffs untimely submitted their Annual Report to Defendants in violation of the Local Rules. Defendants further intimate that because Plaintiffs' reported attorneys' fees and costs exceed one million dollars even at this early stage of litigation, the amount should be rejected as clearly excessive and unreasonable.

Although the Local Rules require counsel to timely submit quarterly reports on fees and costs, the Rules do not in turn provide for the waiver of a potential fee award for failure to strictly comply with the rules. The Court will not hold Plaintiffs to the strict interpretation Defendants are lending to the Local Rules. Furthermore, the Court agrees with Plaintiffs that it is now premature to question or pass upon the reasonableness of Plaintiffs' attorneys' fees and costs. The prevailing party has yet to be determined in this case, and a fee petition is not properly before the Court at this time. Although Defendants' objection to Plaintiffs' fee report is duly noted, Defendants' request that this Court hold that Plaintiffs have waived their right to any potential fees and costs and, alternatively, to determine now that Plaintiffs' reported fees are excessive and unreasonable will be denied.

**<u>Defendant Walsh's Motion to Stay</u>**

On May 4, 2007, Defendant Walsh moved the Court to stay the proceedings as to him

because he is currently appealing his criminal conviction and because his Fifth Amendment rights may be impaired should he be subjected to discovery in this suit during the pendency of the criminal proceedings. The Corporate Defendants and Defendant Speed responded to Walsh's motion arguing that the case should be stayed against all Defendants. On May 22, 2007, the parties filed a Joint Stipulated Scheduling Order. The stipulation provided that Defendant Walsh would not be required to answer the Complaint or participate in discovery until 30 days after the conclusion of Walsh's criminal appeal. In light of the Court's entry of the Joint Stipulated Scheduling Order, Defendant Walsh's motion is now moot. Because the Court sees no reason to stay these proceedings against the remaining Defendants, the motion will be denied.

## **CONCLUSION**

For the reasons stated above, the Court will GRANT the Motions to Dismiss Count II of the Amended Complaint (Paper Nos. 140 and 142), DENY the Motions Objecting to Plaintiffs' Annual Report (Paper Nos. 153 and 154), and DENY Defendants' Motion to Stay (Paper No. 178). An Order consistent with this Opinion will follow.


Date:   June 7, 2007                                              /s/
                                                        Alexander Williams, Jr.
                                                        United States District Judge