_____ FILED _____ ENTERED
_____ LOGGED _____ RECEIVED

NOV 2 8 2011

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

JOSEPH ANTONIO, *et al.*,  )
                                                                       )
                Plaintiffs,  )
                                                                      )
   v.  )   Civil Action 05-cv-02982 (AW)
                                                                       )
SECURITY SERVICES OF AMERICA, LLC, *et al.*,  )
                                                                       )
                Defendants.  )

## CONSENT DECREE

Plaintiffs Joseph Antonio, Bulan Jules-Antonio, Michael Clark, Carolyn Clark, Thomas Cooper, Angel Fountain-Cooper, Gregory Gibbs, Natalie Gibbs, George Haley, Yvonne Haley, Jacque Hightower, Dawn Hightower, Khari Jackson, Belinda Jackson, Harold Jewett, Cynthia Jewett, Michael Johnson, Crystal Johnson, Jagath Kankanamage, Keth Kankanamage, Derrick Potts, Terri Rookard, Keith Robinson, Takeysha Robinson, Everton Rowe, Beverly Rowe, Erik Smith, Sharon Smith, Leonard Swoopes, Evora Swoopes, Kendall Walker, and Samantha Walker (hereafter individually or in any combination "Plaintiffs") and Defendant Patrick Stephen Walsh (hereafter "Defendant"), through the Parties' respective undersigned counsel and based on the mutual agreements set forth below, hereby enter into this Consent Decree.

WHEREAS, Defendant is a named defendant in this Action, *Antonio et al., v. Security Services of America, LLC,* Case No. 8:05-cv-2982-AW (the "Action"), a civil action that was filed and is pending in the United States District Court for the District of Maryland;

WHEREAS, Plaintiffs and Defendant wish to settle all claims between them related to the claims asserted in this Action;

**IT IS HEREBY STIPULATED AND AGREED,** by and between Plaintiffs and Defendant, and the Court so orders, as follows:

1. Defendant acknowledges and agrees that in the event the Action, or any other civil suit arising from the Action and involving Plaintiffs and Defendant s SSA Security, Inc., d/b/a Security Services of America LLC, Aaron Speed, Jeremy Parady, Michael Everhart, or Roy McCann, proceeds to trial:

   a. Defendant will, if requested, meet with Plaintiffs' counsel at Plaintiffs' counsel's office, or other location if Defendant is incarcerated, for up to eight hours prior to any such trial, and answer truthfully, to the best of Defendant's knowledge and belief, any questions related to this Action posed by Plaintiffs' counsel; subject only to Defendant's right, if any, to invoke his Fifth Amendment right against self-incrimination, which right may be challenged by Plaintiffs before the Court if and when invoked; and if after such challenge the Court rules that Defendant had no right to invoke the Fifth Amendment Right against self-incrimination, Defendant agrees to meet with Plaintiffs' counsel for additional time comparable to time previously expended by Defendant in meeting with Plaintiffs' Counsel asserting his claim for Fifth Amendment Right;

   b. Defendant will accept through his attorney service of a subpoena issued by Plaintiffs for the Defendant to testify at any trial in the Action;

   c. Defendant will, if requested, and in the absence of any contrary court order concerning Defendant's Fifth Amendment Right, appear to testify at any trial in the Action voluntarily, or, if necessary, pursuant to subpoena,

service of which he agrees to accept through his counsel, hereby waiving any objection to the Court's jurisdiction to compel him to appear, subject only to Defendant's right, if any, to invoke his Fifth Amendment right against self-incrimination, which right may be challenged by Plaintiffs before the Court if and when invoked; and if after such challenge the Court rules that Defendant had no right to invoke the Fifth Amendment Right against self-incrimination, Defendant agrees to testify and such testimony will be truthful to the best of Defendant's knowledge and belief;

d. If Defendant is released from prison prior to the completion of this action including all appeals and prior to the completion of his obligations under this Consent Decree, Defendant through his counsel will notify Plaintiffs' counsel of Defendant's release date from prison at least seven days prior to the release date;

e. Defendant will notify his counsel of any change of address if necessary for compliance with this Consent Decree; and

f. Defendant will notify Plaintiffs' counsel if Defendant changes counsel or representation in the Action if necessary for compliance with this Consent Decree.

2. In consideration for Plaintiffs' agreement to dismiss all claims against Defendant in this Action and Defendant's agreement to meet, consult and testify truthfully as described in paragraph 1, Plaintiff and Defendant agree to release each other from any and all claims, fees, costs or sanctions arising from the Action, except that this agreement does not affect any right

Plaintiffs may have to restitution as ordered by the Court in the criminal proceedings related to the arsons that are the subject of this civil action.

3. The claims against Defendant in the Action are dismissed without prejudice;

4. Upon completion of all proceedings related to this Action, including any appeals, and Defendant's compliance with this Consent Decree, the Action against the Defendant will at that time be dismissed with prejudice.

5. Plaintiffs agree that Plaintiffs may re-institute the Action against Defendant only if Defendant is in material breach of this Consent Decree. Plaintiffs shall have the burden of demonstrating a material breach.

6. Plaintiffs must provide 45 days written notice to Mr. Walsh before re-instituting the Action against Defendant and an opportunity to meet and confer re same at least 14 days before re-instituting the Action against Defendant.

7. The period from the filing of Plaintiffs' original complaint on November 2, 2005 until the completion of all proceedings related to this Action, including any appeals, shall be tolled for statute of limitations purposes or the assertion of the defense of laches;

8. The Court retains jurisdiction for the purpose of enforcement of this Consent Decree.

Agreed to, and respectfully submitted by:

/s/ JLD

*Steven H. Schulman*
On behalf of Plaintiffs
Steven H. Schulman (Bar No. 17144)
sschulman@akingump.com
Joseph L. Decker (admitted *pro hac vice*)
jdecker@akingump.com
Allison Walsh Sheedy (Bar. No. 17357)
asheedy@akingump.com
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Tel: (202) 887-4000
Fax: (202) 887-4288

Isabelle M. Thabault (Bar No. 16600)
isabelle_thabault@washlaw.org
Washington Lawyers' Committee
   for Civil Rights and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 319-1000
Fax: (202) 319-1010
Attorneys for Plaintiffs

Dated: November 22, 2011

5

*Patrick S. Walsh*

Patrick S. Walsh
Reg. No. 38607-037
FCI Fort Dix
Post Office Box 2000
Fort Dix, NJ 08640

Dated: November 14th, 2011

*Brent J. Gurney*

Brent J. Gurney (Bar No. 7571)
brent.gurney@wilmerhale.com
Kevin H. Moriarty (*admitted pro hac vice*)
kevin.moriarty@wilmerhale.com
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Tel: (202) 663-6000
Fax: (202) 663-6363
**Attorneys for Defendant Patrick Walsh**

Dated: November 18th, 2011

IT IS SO ORDERED.

*Alexander Williams, Jr.*

The Hon. Alexander Williams, Jr.
United States Federal Judge

Dated: This 23rd day of November, 2011

6