IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | |
|---|---|
| JOSEPH ANTONIO, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. AW-05-2982 |
| ) | |
| SECURITY SERVICES OF AMERICA, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANT, SSA SECURITY, INC.'S PROVISIONAL
OBJECTION TO CONSENT DECREE ENTERED INTO BETWEEN
PLAINTIFFS AND INDIVIDUAL DEFENDANT PATRICK STEPHEN WALSH**

Defendant, SSA Security, Inc., d/b/a Security Services of America ("SSA"), by counsel, respectfully files the following provisional objection to the Consent Decree entered into by and between all 32 plaintiffs and individual defendant Patrick S. Walsh. Under the terms of the agreement, approved by this Court, Mr. Walsh agrees to meet with Plaintiffs' counsel and provide certain testimony as to the pending civil suit as to all remaining Defendants, including SSA. As discussed fully in Defendant SSA Security, Inc.'s Motion for Separate Trial, Document No. 503, there are no common claims as between SSA and any of the individual defendants, including Mr. Walsh. Accordingly, to the extent the Consent Decree presumes that there is admissible, relevant testimony of Mr. Walsh on the remaining negligence-based claims, SSA objects to any such testimony. Mr. Walsh was never employed by SSA and has no relationship with the company.

If this Court deems that there is any admissible testimony by Mr. Walsh as to SSA, SSA contends that it is entitled to a discovery deposition. Mr. Walsh was deposed on November 18, 2008, and asked a number of questions about William Fitzpatrick, the former SSA guard on duty


the night/early morning of the fire. Mr. Walsh declined to answer any questions and pled the Fifth Amendment on advice of counsel. It is unfair to permit Plaintiffs to now come forward with evidence years past the discovery deadline pursuant to an agreement absent discovery by SSA. Prior to any deposition, SSA respectfully request a hearing on its Motion for Separate Trial. Mr. Walsh remains incarcerated in Fort Dix, New Jersey. SSA does not want to travel to this deposition if it is not necessary. In addition, SSA reserves the right to file any further motions pursuant to schedule set forth in this Court's order of September 29, 2011, Document No. 502.

In conclusion, SSA objects to any testimony by Mr. Walsh on the remaining negligence based claims as to SSA. There is no indication in the record that Mr. Walsh has information on any facts related to these legal theories. If this Honorable Court grants the motion for a separate trial, this issue is moot. Conversely, if the motion is denied and testimony is permitted, SSA respectfully requests the opportunity to depose Mr. Walsh, as contemplated by the discovery rules and scheduling orders of this Court prior to any trial testimony.

Dated:  November 29, 2011                          Respectfully submitted,


**SSA SECURITY, INC., D/B/A SECURITY SERVICES OF AMERICA**

                    /s/
Gerry H. Tostanoski (Federal Bar No.07382)
Scott A. Thomas (Federal Bar No. 11692)
Tydings & Rosenberg LLP
100 East Pratt Street, 26th Floor
Baltimore, MD 21202
Telephone:  (410) 752-9761
Fax:  (410) 727-5460

and

        Kevin L. Keller (*admitted pro hac vice*)
        Joseph P. Moriarty (*admitted pro hac vice*)
        WILLCOX & SAVAGE, P.C.
        Wells Fargo Center
        440 Monticello Avenue, Suite 2200
        Norfolk, Virginia  23510
        Telephone:  (757) 628-5500
        Facsimile:   (757) 628-5566

        ***Counsel for Defendant***
        ***SSA Security, Inc***.