IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOSEPH ANTONIO, *et al.*,<br>Plaintiff,<br><br>v.<br><br>SECURITY SERVICES OF AMERICA, LLC, *et al.*,<br>Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | Civil Action No. 05-cv-2982-AW |

*****************************************************************************

**ORDER**

The matter currently before the Court is Defendant SSA Security, Inc., d/b/a Security Services of America ("SSA")'s motion for a separate trial pursuant to Federal Rules of Civil Procedure 20(b) and 42(b). *See* Doc. No. 503. On August 30, 2011, this Court denied SSA's motion for summary judgment as to Plaintiffs Rookard and Potts and granted SSA's motion on the remaining claims brought by all thirty-two Plaintiffs. Individual Defendants Aaron Lee Speed and Jeremy Daniel Parady, who are likely judgment-proof, also remain in this case. Defendant SSA contends that it should be tried separately from the Individual Defendants for the purposes of convenience, to avoid prejudice, and to promote efficiency. Because the Court agrees that trying Plaintiffs' civil rights and intentional tort claims against Individual Defendants together with Rookard and Potts' negligence-based claims against SSA would be highly prejudicial to SSA, it grants SSA's motion for a bifurcated trial.

A court may, in its discretion, order separate trials. *See* Fed. R. Civ. P. 42(b); *see also Dixon v. CSX Transp., Inc.*, 990 F.2d 1440, 1443 (4th Cir. 1993). A separate trial is appropriate where it promotes justice and convenience for the parties and where it protects against delay and

prejudice. *See* Fed. R. Civ. P. 20(b); *see also* Wright & Miller, *Federal Practice and Procedure* § 2388.

In the instant action, a bifurcated trial will serve the principal interest of protecting Defendant SSA from undue prejudice. There are two distinct matters remaining in this case. First, there are Rookard and Potts' negligence-based claims against SSA. Second, there are all thirty-two Plaintiffs' intentional tort and civil rights claims against Individual Defendants. Although both matters arise from the same underlying occurrence and hence rely on many of the same facts, the claims are fundamentally different, and putting them together would confuse and mislead the jury and prejudice SSA. As SSA indicates, a jury tasked with determining Plaintiffs' intentional tort claims against Individual Defendants will likely hear significant testimony regarding Plaintiffs' severe emotional distress. While most of that testimony will be relevant in some degree to Rookard and Potts' negligence-based claims against SSA, much of it will also be unduly prejudicial to SSA, requiring the Court to make difficult Rule 403 judgments throughout the trial.

Regarding the interests of convenience and avoiding delay, a bifurcated trial would not hinder either, and may in fact promote efficiency. Trying Rookard and Potts' negligence-based claims against SSA separately would certainly be more convenient for SSA, who would otherwise have to be present for presumably large portions of testimony regarding intentional tort and civil rights claims against the Individual Defendants. A bifurcated trial would likely be less convenient, however, for Rookard and Potts, who will now have to attend two trials and possibly testify twice regarding the difficult events of December 6, 2004. Although the Court acknowledges this unfortunate result, it finds that the interests of avoiding prejudice to SSA outweigh the inconvenience caused to Rookard and Potts.

Although ordering a separate trial will necessarily result in a rescheduling of one of the matters, it may ultimately prove the most efficient course for the Parties and the Court. Given that the Individual Defendants are likely judgment-proof, Plaintiffs have little incentive to spend excessive time or expense litigating their claims against Individual Defendants in a separate trial. Separating the trials ensures that the SSA trial remains focused on only the two Plaintiffs' negligence-based claims against SSA.

In sum, the Court finds that a bifurcated trial is necessary to avoid the prejudice to SSA that would necessarily result from the type and length of testimony and focus on the facts necessary to prove Plaintiffs' civil rights and intentional tort claims against Individual Defendants. Even though a single event precipitated the present sets of claims, the evidence relevant and admissible under Rule 403 to prove SSA's negligence differs from that needed to prove Individual Defendants' civil rights violations and intentional torts. Additionally, it strikes the Court as unlikely that Plaintiffs would undergo the time and expense of trying two insolvent defendants other than for the purpose of introducing evidence at a trial involving SSA that would not otherwise be admissible.

The Court will briefly address SSA's provisional objections to the consent decrees entered into between Plaintiffs and Individual Defendants Walsh, McCann, and Everhart. *See* Doc. Nos. 511, 522. Particularly, the consent decrees provide that these individuals "will, if requested, meet with Plaintiffs' counsel . . . and answer truthfully . . . any questions related to this Action posed by Plaintiffs' counsel" and will "appear to testify at any trial in the Action." Doc. Nos. 510, 518, 519. As an initial matter, it is unclear whether Plaintiffs seek to use the testimony of these individuals in the trial against SSA, or merely in the trial against Individual Defendants. SSA objects to any testimony by these Defendants on the remaining negligence-

based claims against SSA, and requests that if the Court deems these individuals' testimony admissible against it, that it be entitled to a discovery deposition. As SSA notes, this issue may be moot now that the trial is bifurcated, assuming that these individuals' testimony is relevant only in the trial against the remaining Individual Defendants. However, to the extent that Walsh, McCann, and Everhart provide Plaintiffs' counsel with new testimony relevant to Rookard and Potts' claims against SSA that the Court deems admissible,[1] SSA shall be entitled to depose these individuals. Accordingly, it is, this 29th day of December, 2011, ordered that:

1) Defendant SSA's Motion for a Separate Trial, Doc. No. 503, is GRANTED;

2) Defendant SSA's Provisional Objections to Consent Decrees Entered into Between Plaintiffs and Individual Defendants Walsh, Everhart, and McCann, Doc. Nos. 511, 522, are DENIED as moot. If, however, Plaintiffs are able to glean from these individuals new and relevant evidence that the Court determines is admissible against SSA, SSA shall be entitled to depose these individuals; and

3) The Clerk transmit a copy of this order to counsel.

/s/
Alexander Williams, Jr.
UNITED STATES DISTRICT JUDGE

---

[1] The Court cannot make an admissibility determination at this time since it is unclear what evidence these individuals may reveal that would be relevant to Rookard and Potts' negligence claims against SSA. The Court notes that it is unclear how such testimony would be relevant, given that none of the individuals had any relationship with SSA.