# EXHIBIT 2

# WASHINGTON LAWYERS' COMMITTEE
## FOR CIVIL RIGHTS & URBAN AFFAIRS

April 7, 2011

**VIA U.S. MAIL**

Gerry Tostanoski, Esq.
Tydings & Rosenberg, LLP
100 East Pratt Street, 26th Floor
Baltimore, Maryland 21202

Re: *Antonio v. Security Services of America, LLC*, Case No. AW-05-2982

Dear Gerry:

I am writing to follow-up on my previous notice to you that pending the Court's resolution of the pending motions we may be noticing the deposition of Dr. Killeen for additional questions related to her prior reports produced after her deposition was concluded. While we are not seeking to schedule that deposition at this time, we ask you to clarify some of the redacted information in the reports produced. These clarifications will be required whether or not further deposition testimony is necessary.

Many of the redactions in the reports produced by Dr. Killeen create ambiguities that make it impossible to understand the reports. This is particularly true where names are redacted without any indication of the relationship of the individual to the events. While we understand the need to redact names, the same privacy concerns do not follow in identifying individuals by relationship to the defendant or by their involvement in the matter, e.g. sister of the plaintiff, or plaintiff's supervisor. Such information is necessary for a meaningful review of the reports. I indicate in the list below the page number in the report where we request further clarification of redacted information. Unless otherwise noted, for each of the following redactions, please provide the referenced person's or entity's:

1. position or title (e.g. agency H.R. director),
2. relationship to the examinee (e.g. examinee's husband, friend, co-worker., etc.) and
3. the role they played in the case (e.g. doctor who delivered the examinee's child).

1. **Childbirth Case (First Report):**
   a. **Page 1.** Dr. Killeen lists ten records that she reviewed, including five depositions. The name of each deponent is redacted. Please provide the requested information as to each deponent.
   b. **Page 1.** The list of records reviewed also includes "Stephanie (redacted) journals." Please describe the requested information as to "Stephanie."

c. **Page 1.** Dr. Killeen lists two "Treatment Notes of (redacted)" under the records she reviewed. Please provide the requested information as to the redacted person or entity.
d. **Page 1.** Dr. Killeen lists a "Medical Chart from (redacted)" under the records she reviewed. Please provide the requested information as to the redacted person or entity.
e. **Page 1.** Dr. Killeen lists a "Report of (redacted)" under the records she reviewed. Please provide the requested information as to the redacted person or entity.
f. **Page 2.** Dr. Killeen includes the examinee's statement that she "got irritable, impatient with (redacted)...." In the context of the paragraph, I assume that the redaction refers to the examinee's daughter. Please confirm or otherwise clarify.

2. **Employment Case (Second Report):**
   a. **Page 4.** Dr. Killeen describes that the examinee "went to the Employee Assistance Program Office where she was seen by (redacted)." Please provide the requested information as to the redacted person.
   b. **Page 5:** In the first full paragraph, the beginning sentence reads: "The following day... (redacted) contacted (redacted) by phone." I assume from the context that the examinee contacted the same person in the Employee Assistance Office referenced in the previous paragraph. Please confirm or otherwise clarify.
   c. **Page 5:** The last paragraph states: "(redacted) maintained periodic contact with (redacted) for several months." The references appear to be to the examinee and the same person identified above. Please confirm or otherwise clarify.
   d. **Page 6.** There are a number of redacted references to doctors and it is unclear how many different doctors are referenced, and whether these are agency doctors or the examinee's private psychologist. The first paragraph appears to be referring to the examinee's private psychologist. Please confirm or clarify. In addition, Dr. Killeen describes that "(redacted) mandated that (redacted) undergo a "fitness for duty" evaluation with Dr. (redacted)...." Please provide the requested information as to each redacted person.
   e. **Page 7:** In the first paragraph at the top of the page, reference is made to a "formal request to Dr. (redacted) that he provide... his report...." Please provide the requested information as to the doctor to which this reference is referring.
   f. **Page 7-8.** Under Part III, in the second paragraph, there are numerous references to doctors. Please provide the requested information as to each redaction.
   g. **Page 8.** Dr. Killeen lists "Employment Records from the (redacted), the (redacted) and the (redacted)" under the records she reviewed. Please provide the requested information as to each redacted entity.
   h. **Page 8.** Dr. Killeen lists "e-mail correspondence between (redacted) and (redacted)" under the records she reviewed. Please provide the requested information as to each redacted person.

    i. **Page 8.** Dr. Killeen lists "Interview with… Retired Administrative Assistant to the (redacted) of the (redacted) at the (redacted)" under the records she reviewed. Please provide the requested information as to each redacted person or entity.

    j. **Page 10.** At the bottom of the page, Dr. Killeen states that "Dr. (redacted) recommendation… appears flawed…." Please provide the requested information as to this doctor.

    k. **Page 14:** Two doctors are referenced in the last paragraph. Please provide the requested information as to these doctors.

Further, please provide us with any and all records related to the psychological tests and interviews that Dr. Killeen administered to the examinees. We understand that you may have to redact these records to preserve privacy. However, the records of such tests were relied on by Dr. Killeen and are routinely part of an expert report and therefore should be produced. Specifically, the following tests are referenced in the reports:

1. **Childbirth Case:**
    a. Clinician-Administered PTSD Scale (CAPS)
    b. Structured Inventory of Reported Symptoms (SIRS)
    c. Mental Status Exam
    d. Rorschach Inkblot Test
2. **Employment Case:**
    a. MMPI-2
    b. SIRS

Finally, please provide any and all appendices or exhibits to Dr. Killeen's reports. These documents are part of the report and should be produced.

Please don't hesitate to contact me with any questions. Thank you for your attention in this matter.

Sincerely,

*Isabelle M. Thabault*

Isabelle M. Thabault
Senior Counsel
Washington Lawyers' Committee for Civil Rights
  and Urban Affairs
11 Dupont Circle, NW, Suite 400
Washington, DC 20036

cc: Joe Moriarty, Esq.