# EXHIBIT 3

#613196v.1

MERITAS LAW FIRMS WORLDWIDE

100 EAST PRATT STREET
26TH FLOOR
BALTIMORE MARYLAND 21202
410.752.9700
FAX 410.727.5460

TOWSON MD OFFICE
410.337.0407
FAX 410.337.3758

WASHINGTON DC OFFICE
202.296.1642
FAX 202.828.4130

www.tydingslaw.com

GERRY H. TOSTANOSKI
410.752.9733
gtostanoski@tydingslaw.com

ATTORNEYS AT LAW

# TYDINGS & ROSENBERG LLP

June 20, 2011

Isabelle M. Thabault, Esquire
Washington Lawyers' Committee for Civil Rights
 And Urban Affairs
11 Dupont Circle, NW, Suite 400
Washington, DC 20036

Re: **Antonio et al. v. SSA**

Dear Isabelle:

I have reviewed your letter requesting additional information related to the redacted reports of Dr. Killeen. I have no information beyond the reports and will respond based on my review of the unredacted reports to the extent possible.

In the order of the information requested:

1. Childbirth Case
    a. The redacted names refer to the plaintiff and various caregivers.
    b. This refers to the plaintiff.
    c. I cannot determine the status of the second person. The first is delineated as a "RN, MS".
    d. This chart is from a medical group that treated the plaintiff.
    e. This is the report of a medical doctor
    f. The person referred to is the husband of the plaintiff.

2. Employment Case
    a. I do not understand this inquiry as the title of the office is not redacted.
    b. You are correct.
    c. You are correct.
    d. There are two doctors. A treating doctor (as indicated in the first paragraph) and a doctor retained by the employer. I do not have any further details on that doctor.
    e. This refers to the doctor retained by the employer. I do not know if that particular doctor works directly for the employer or was hired for the litigation.

#1542132v.1

ATTORNEYS AT LAW
TYDINGS & ROSENBERG LLP
Isabelle M. Thabault, Esq.
June 20, 2011
Page Two

    f.    These relate to the two doctors -- the treater and the employer's doctor -- previously discussed. The only additional doctor listed is identified as the plaintiff's psychiatrist on page 7. I have no further information as to doctors listed on the top of page eight as there is no indication of their specialty or any further information is within the report.
    g.    The redacted portion is the identity of plaintiff's employers.
    h.    The correspondence is between the plaintiff and a supervisor.
    i.    The redaction is the name of retired employee who worked as an administrative assistant (unredacted). The redacted portion simply lists the title of the administrative assistant's supervisor.
    j.    This again refers to the doctor retained by the employer.
    k.    I do not understand this request as the critical information is not redacted, just the names of the treating doctors. These are no new names.

As to your request for additional information, we decline to produce it as outside (1) the scope of the May 20, 2010, subpoena, (2) the requests made at the depositions, (3) the requests made in Plaintiffs' Motion to Compel Compliance with Plaintiffs' May 20, 2010, Subpoena Request for Production of Selected Prior Expert Reports by Katherine W. Killen and (4) the Court's Supplemental Protective Order. (See Document # 486-1).

Before the most recent letter, each and every prior request has been for "reports." You are now requesting the "files" or background materials of the two prior litigation cases. There is a clear distinction between an expert's report and the expert's file, which contains all of the background materials. For example, in this case we produced Dr. Killen's report and her file. That file contained notes, correspondence and other background materials. In fact, during Dr. Killeen's deposition Plaintiffs' counsel marked the Doctor's March 1, 201, report as Exhibit 2 and marked various portions of her "file" as further exhibits beginning at Exhibit 3. See e.g. Deposition of Dr. Killen at pages 126-27 (wherein exhibits were marked).

The May 20, 2010, subpoena request "[a]ll **written reports prepared by you . . . .**" See page 4 (emphasis added). The motion you filed on June 29, 2010, requested "prior expert reports." See e.g. Motion at 1-2 and memorandum at 1, 2-3 (wherein you state that the "scope" of your request was "narrowed" to "written reports" in certain cases), 4 (describing meet and confer related to "prior reports"), 5, 6, footnote 6, 7 ("expert reports"), 8 ("requested reports"), 11 ("Plaintiffs have offered to accept versions of Dr. Killen's prior reports redacted"), 12 ("Production of the Reports Is Permissible"), and 15 (wherein the "Conclusion" specifically requested "Production of Selected Prior Expert Reports"). There is no request for the files of Dr. Killeen, just the written or expert reports. See also Certificate of Conference of Counsel ("Whether Plaintiffs are entitled to . . . expert reports from three prior cases . . . .").

#1542132v.1

ATTORNEYS AT LAW
TYDINGS & ROSENBERG LLP

Isabelle M. Thabault, Esq.
June 20, 2011
Page Three

On November 5, 2010, Judge Day entered a Paperless Order (487) granting the Motion for Protective Order (citing the filing at 486). Document 486 is our agreed to order following the telephonic hearing. As is the case with all of the written material in the case the Supplemental Protective Order specifically states it applies to "two expert reports prepared in other litigation by Corporate Defendants' expert Dr. Katherine Killeen . . . ." It makes no mention of the files or any background materials.

Accordingly, we decline to produce the newly-requested file materials as beyond the scope of the subpoena, the subsequent motion, and -- most importantly -- the supplemental Protective Order entered by Judge Day. Hopefully after reviewing this background material on this issue, you will agree and we will not have a further issue.

Thank you.

Sincerely,

*[signature]*

Gerry H. Tostanoski

#1542132v.1