# EXHIBIT 4

#613196v.1



# WASHINGTON LAWYERS' COMMITTEE
## FOR CIVIL RIGHTS AND URBAN AFFAIRS

September 12, 2011

**VIA REGULAR AND ELECTRONIC MAIL**

Gerry Tostanoski, Esq.
Tydings & Rosenberg, LLP
100 East Pratt Street, 26th Floor
Baltimore, Maryland 21202

      Re:   *Antonio v. Security Services of America, LLC*, Case No. AW-05-2982

Dear Gerry:

      Thank you for providing clarifying information regarding the redactions in Dr. Killeen's supplemental reports. There are still, however, remaining issues with your response of June 20, 2011. Now that the court has issued its ruling and in anticipation of the upcoming trial, we request that you comply with the court's order to produce Dr. Killeen's reports and provide a complete response to our earlier requests for supplementation and clarification.

      You have refused to provide records related to the psychological tests and interviews Dr. Killeen administered to the examinees. Your argument – that the term "report" does not include such records – lacks merit. These records should be produced because they were relied upon by Dr. Killeen and are routinely part of an expert report. *See, e.g.*, Fed. R. Civ. P. 26(a)(2) (requiring an expert witness' "report" to contain, *inter alia*, "a complete statement of all opinions the witness will express and the basis and reasons for them... the facts or data considered by the witness in forming them... [and] any exhibits that will be used to summarize or support them"). Further, these records are relevant because Dr. Killeen has placed Dr. Jones' administration and interpretation of psychological tests and interviews at issue. In her prior reports, Dr. Killeen diagnosed PTSD and/or used some of the same psychological tests and interviews as Dr. Jones[1]; therefore, we are entitled to examine Dr. Killeen's methodology in these reports in detail. Our motion to compel was granted specifically so that we could evaluate Dr. Killeen's methodology, and to do so, we need the complete reports, including the underlying records. Please provide the requested documents.

      You have also not produced all appendices or exhibits to Dr. Killeen's prior reports. Such appendices or exhibits are part of the reports and should be produced. *See, e.g., id.*

Contrary to your assertion that Dr. Killeen's report, marked Exhibit 2 in her deposition, does not include the underlying "file," Exhibit 2 includes appendices.[2] Further, Dr. Killeen, in the analysis section of at least one supplemental report, refers to appendices, showing that she intended the report to include them. *See, e.g.,* Dr. Killeen's report in the employment case at page 13 (citing "Appendix A") and page 14 (citing "Appendix B"). Without the appendices or exhibits, we cannot fully understand the reports. Please produce the requested documents.

Finally, in the childbirth case, under subpart (a), in response to our request for clarification, you state that the redacted names refer to "various caregivers." We do not understand to whom this refers, as caregivers could include family members, medical personnel, persons caring for the plaintiff's child, or others. Please provide each referenced person's position or title, relationship to the examinee, and role in the case, as requested in our earlier letter.

Please provide your response in the form of a letter or supplemental production no later than September 16, 2011, or prior to the date of any scheduling conference the court may set, whichever is earlier. If you have any questions, please do not hesitate to contact me.

Sincerely,

*Isabelle M. Thabault*

Isabelle M. Thabault

CC:   Joe Moriarty, Esq.

---

[1] These include the Clinician-Administered PTSD Scale (CAPS) (predecessor of the DAPS), Structured Inventory of Reported Symptoms (SIRS), MMPI-2, and interviews of the examinees. In addition, in the childbirth case, Dr. Killeen relied upon a Mental Status Exam, which is not further described.

[2] We have not requested as part of the supplemental reports the categories of documents you characterize as portions of the "file," such as Exhibit 3, an email from counsel to Dr. Killeen requesting her services, or Exhibit 4, Dr. Killeen's invoices for her work on this case.