# EXHIBIT 5

**᪤ MERITAS** LAW FIRMS WORLDWIDE

100 EAST PRATT STREET
26TH FLOOR
BALTIMORE MARYLAND 21202
410.752.9700
FAX 410.727.5460

TOWSON MD OFFICE
410.337.0407
FAX 410.337.3758

WASHINGTON DC OFFICE
202.296.1642
FAX 202.828.4130

www.tydingslaw.com

ATTORNEYS AT LAW

# TYDINGS & ROSENBERG LLP

September 21, 2011

GERRY H. TOSTANOSKI
410.752.9733
gtostanoski@tydingslaw.com

*Via Regular Mail and E-Mail*

Isabelle M. Thabault, Esquire
Washington Lawyers' Committee for Civil Rights
 And Urban Affairs
11 Dupont Circle, NW, Suite 400
Washington, DC 20036

    Re:  **Antonio et al. v. SSA**

Dear Isabelle:

  On September 12, 2011, you wrote to me regarding my letter of June 20, 2011, as to Dr. Killeen's reports from two prior cases dated April 9, 2007, and September 30, 2004. As permitted by the Protective Order, my June letter responded to a number of inquiries related to the redacted nature of the reports. My understanding is that there are three remaining areas of disagreement; specifically,

   (1) the identity of "caregivers" in the 2004 report;

   (2) two appendices referenced in the 2004 report; and

   (3) all back-up for psychological tests performed on the two unrelated litigants four and seven years ago.

  Beginning with the easiest issues, the persons I categorized as "caregivers" in my June letter include a nurse and a doctor. I apologize for any confusion.

  As to the appendices to the 2004 report, the report is not redacted in that regard and the appendices are clearly identified to include sections from the Diagnostic and Statistical Manual of Mental Disorders Fourth Edition (DSM-IV), American Psychiatric Association (1994). Appendix A is noted to be 296.23 (Major Psychotic Features) and B is noted to be 200.02 (Generalized Anxiety Disorder). I assume you can easily locate those standard reference sections. If not, please let me know.

#1592802v.1

ATTORNEYS AT LAW

TYDINGS & ROSENBERG LLP
Isabelle M. Thabault, Esq.
September 21, 2011
Page Two

As to your request for underlying psychological testing in the unrelated prior cases, I stand by my response in my June letter. As previously indicated, this request goes beyond anything that was requested in the past and is also beyond the scope of the Court's order. I understand that it is your position that these sensitive psychological documents fall within the definition of a report in the federal rules. Without addressing the merits of that argument, the definition has no applicability for two reasons. One, the documents requested are not part of Dr. Killeen's report in the instant case. We have produced all relevant documents in this case and I do not believe there is a dispute in that regard. Two, the reports at issue were not rendered in a federal court case. There is a far different standard for expert reports in the state court in Maryland and the two redacted reports produced far exceed the state law requirements. I agree that the materials you requested could have been the subject of an interrogatory or deposition notice in those cases, but not in the case of Mr. Potts and Ms. Rookard. We have produced the reports in the two prior cases and have responded to all inquiries as to the Court-permitted redactions.

Although I am reluctant to return to Judge Day for a further ruling, I do not believe that the current protective order either permits or requires production of the new materials requested. I do not have possession of any such materials and none of us have reviewed these materials now requested at any time. At our telephone conference prior to the paperless order, Judge Day noted that he fully understood the need for an order in this case prior to any production of the two reports. We complied with the court order. I have regularly practiced in state court in Maryland for 25 years. As indicated above, the redacted reports produced are detailed for state court. The underlying file documents in Maryland are not part of the "report". In the instant case, you are requesting extremely sensitive testing documents related to circumstances surrounding childbirth and a hostile work environment. As you know, the attorneys for these former litigants have objected to any production.

As to your second stated reason -- discovery as to Dr. Killeen's methodology -- we agreed to three full days of deposition of this expert. When you requested a fourth day, we agreed. It is difficult to fathom that Dr. Killeen's methodology has not been fully explored.

I am happy to discuss this with you further.

Sincerely,

Gerry H. Tostanoski

cc: Joseph P. Moriarty, Esq.
    Kevin L. Keller, Esq.
    Joseph Decker, Esq.

#1592802v.1