# EXHIBIT 8

#613196v.1

♦AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

                                          DISTRICT OF       Maryland

Joseph Antonio, et al.

V.

Security Services of America, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] AW-05-2982

TO: Katherine W. Killeen
102 W. Pennsylvania Ave., Suite 306
Towson, MD 21204

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| to Plaintiffs' attorneys at the fourth day of your deposition, at Tydings & Rosenberg, 100 East Pratt St., 26th Fl., Baltimore, MD 21202 | 5/24/2010 10:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Shalini Goel Agarwal*, attorney for Plaintiffs | 5/20/2010 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Shalini Goel Agarwal, Washington Lawyers' Committee for Civil Rights and Urban Affairs
11 Dupont Circle NW, Suite 400, Washington, DC 20036, 202-319-1000 x138

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                  DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## ATTACHMENT A

## INSTRUCTIONS

A.  In answering the following requests, you should furnish all Documents that are in the possession, custody, or control of yourself, your agents, attorneys, representatives, and/or all other persons acting on your behalf.

B.  If any Document requested was formerly in your possession, custody or control and has been lost, destroyed, transferred, or is otherwise unavailable to you, you are requested to: identify the Document and describe its contents in detail, and state when the Document was lost, destroyed or otherwise became unavailable to you and, if destroyed, identify each person having knowledge concerning such destruction and the reason for such destruction.

C.  If a privilege is claimed as a ground for not responding in whole or in part to any request, you are requested to provide the following information: (1) the author, addressees and recipient; (2) the date; (3) a description of the document; (4) the type of privilege being claimed and the basis for the claimed privilege; and (5) the request to which the document is responsive.

D.  If you object to any document request, please state with specificity the reasons for such objection.

E.  The following rules of construction apply to all requests:

- And/or: The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

- Number: The use of singular for any word includes the plural and vice versa.

- Masculine/Feminine: All masculine pronouns shall be construed to include the feminine and vice-versa. All neutral pronouns shall be construed to include both the masculine and feminine.

F. Unless otherwise specified, each request seeks documents or information for the period January 1, 2000 through present.

## DEFINITIONS

A. "This action" or "the above-captioned action" means *Antonio v. Security Services of America, LLC*, Civil Action No. 05-CV-02982-AW, a civil action filed in the United States District Court for the District of Maryland on November 2, 2005.

B. "Plaintiffs" means Plaintiffs Joseph Antonio, Bulan Jules-Antonio, Michael Clark, Carolyn Clark, Thomas Cooper, Angel Fountain-Cooper, Greg Gibbs, Natalie Gibbs, George Haley, Yvonne Haley, Jacque Hightower, Dawn Hightower, Khari Jackson, Belinda Jackson, Harold Jewett, Cynthia Jewett, Michael Johnson, Crystal Johnson, Jagath Kankanamage, Keth Kankanamage, Derrick Potts, Terri Rookard, Keith Robinson, Takeysha Robinson, Everton Rowe, Beverley Rowe, Erik Smith, Sharon Smith, Leonard Swoopes, Evora Swoopes, Kendall Walker, and Samantha Walker, in *Antonio v. Security Services of America, LLC*, Civil Action No. 05-CV-02982-AW, a civil action filed in the United States District Court for the District of Maryland on November 2, 2005, and their respective agents, attorneys and representatives, and all other persons acting on their behalf.

C. "Defendants" means any or all of the defendants (i.e., Security Services of America, LLC, ABM Industries, Inc., SSA Security, Inc., d/b/a/ Security Services of America, Aaron Lee Speed, Jeremy Daniel Parady, Michael McIntosh Everhart, Patrick Stephen Walsh, and Roy Thomas McCann) in *Antonio v. Security Services of America, LLC*, Civil Action No.

2

05-CV-02982-AW, a civil action filed in the United States District Court for the District of Maryland on November 2, 2005, and any or all of their agents, attorneys, representatives, and all other persons acting on their behalf.

D. "Communications" means every manner or means of disclosure, transfer, or exchange of information, whether oral, electronic, by document, or otherwise, and whether face-to-face, in a meeting, by telephone, mail, electronic mail, internet posting, personal delivery, or otherwise.

E. "Document" or "Documents" has the broadest meaning according to it by the Federal Rules of Civil Procedure and means, without limitation, any written, typewritten, printed, electronic, or recorded material or matter, including, but not limited to: correspondence, notes, memoranda, letters, electronic mail, text messages, financial statements and reports, tape recordings (audio and video), drawings, calendars, diaries, journals, appointment books, telephone logs, calculations, surveys, graphs, charts, photographs, computer files, and computer print-outs. These terms shall include all paper or "hard copy," as well as any material stored or contained on any electronic media, including, but not limited to, computer hard drives, computer disks, electronic storage media, emails, caches, and the like. A draft of non-identical copy is a separate Document within the meaning of this term.

F. "Relating to" means concerning, referring to, indicating, commenting on, about, regarding, discussing, mentioning, alluding to, describing, reflecting, or analyzing.

## DOCUMENTS REQUESTED

1. All articles on the subject of third-party collateral sources or third-party corroboration in forensic evaluations, used in any way by Dr. Killeen in the presentations listed in her CV (including as a reference or a handout), or referred to or relied on by Dr. Killeen in the

last four years in any forensic evaluation she has conducted or any evaluation she has done of another expert's report.

2.  All written reports prepared by you in the last four years involving a diagnosis of PTSD in any other trial, arbitration, or other judicial or administrative proceeding, including but not limited to the three reports mentioned by you during your deposition (i.e., reports in

When producing these reports, please redact any identifying information about the individuals being assessed and mark them "Attorneys Eyes Only."