# Exhibit G

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## (SOUTHERN DIVISION)

| | |
|---|---|
| JOSEPH ANTONIO, *et al.*,      ) | |
|      ) | |
| Plaintiffs,      ) | |
|      ) | |
| v.      ) | Case No. AW-05-2982 |
|      ) | |
| SECURITY SERVICES OF AMERICA, LLC, *et al.*,      ) | |
|      ) | |
| Defendants.      ) | |

### DEFENDANTS' NOTICE TO TAKE DEPOSITIONS

PLEASE TAKE NOTICE that the undersigned will take the following depositions, upon oral examination before a court reporter and notary public or some other officer qualified to take depositions, **at the Holiday Inn, 45 St. Patrick's Drive, Waldorf, Maryland 20603,** on the dates and at the times listed below and thereafter from day to day as the taking of the depositions may be adjourned:

| | |
|---|---|
| **Brian Phillips** | October 17, 2008, at 9:00 a.m. |
| **Scott Creelman** | October 17, 2008, at 1:00 p.m. |

You are notified to appear and take such part in the examination as you may be advised and shall be fit and proper.

Respectfully submitted,

**SECURITY SERVICES OF AMERICA, LLC,
ABM INDUSTRIES, INCORPORATED., AND
SSA SECURITY, INC., D/B/A SECURITY
SERVICES OF AMERICA**

By: _____
Of Counsel

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2008, I transmitted a true, complete, and signed copy of the foregoing Defendants' Notice to Take Depositions via E-mail to the following:

Steve Schulman, Esq. (sschulman@akingump.com)
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C.  20036
and
Isabelle M. Thabault, Esq. (isabelle_thabault@washlaw.org)
Donald L. Kahl, Esq. (don_kahl@washlaw.org)
Robert M. Bruskin, Esq. (bob_bruskin@washlaw.org)
Washington Lawyers' Committee
for Civil Rights and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C.  20036
**Attorneys for Plaintiffs**

Philip T. Evans, Esq. (philip.evans@hklaw.com)
Holland & Knight LLP
2099 Pennsylvania Avenue, NW
Suite 100
Washington, DC  20006
**Attorney for Defendant Michael Everhart**

Daniel R. Chemers, Esq. (dchemers@saul.com)
Gilbert D. Dean, II, Esq. (gdean@saul.com)
Gregory E. Rapisarda, Esq. (grapisarda@saul.com)
Saul Ewing LLP
Lockwood Place
500 East Pratt, Suite 900
Baltimore, MD 21202
**Attorneys for Defendant Jeremy D. Parady**

Harold Belkowitz, Esq. (hgbelkowitz@ober.com)
Kelly M. Preteroti, Esq. (kmpreteroti@ober.com)
Ober, Kaler, Grimes & Shriver
A Professional Corporation
120 E. Baltimore Street
Baltimore, MD 21202
**Attorneys for Defendant Aaron Speed**

Brent J. Gurney, Esq.
Renee Joanne Barnett, Esq.
Kevin H. Moriarty, Esq.
Thaya F. Brook, Esq.
Kevin C. Heffel, Esq.
(WHWalshTeam@wilmerhale.com)
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue NW
Washington, D.C. 20006
**Attorneys for Defendant Patrick Walsh**

Joshua R. Treem, Esq. (jtreem@stkgrlaw.com)
Brendon A. Hurson, Esq. (bhurson@stkgrlaw.com)
Schulman, Treem, Kaminkow, Gilden & Ravenell, PA
The World Trade Center
401 East Pratt Street, Suite 1800
Baltimore, MD 21202
**Attorney for Defendant Roy McCann**

*George H. Tartmaski*

I-838408.1

4

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### SOUTHERN DIVISION

JOSEPH ANTONIO, *et al.*,
    Plaintiffs,

V.

SECURITY SERVICES OF
AMERICA, LLC, *et al.*,
    Defendants.

**SUBPOENA IN A CIVIL CASE**

Civil Action No.    AW-05-2982

TO:    **Brian Phillips**
       **7 Beth Court**
       **Indian Head, MD 20640**

_____ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| Place of Testimony | Courtroom |
|---|---|
|  |  |

**X** YOU ARE COMMANDED to appear in the place, date and time specified to testify at the taking of a deposition in the above case.

| Place of Deposition | Date and Time: |
|---|---|
| **Holiday Inn** | **October 17, 2008 at 9:00 a.m.** |
| **45 St. Patrick's Drive** | |
| **Waldorf, MD 20603** | |

**X** YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:

    **See "Attachment A"**

| Place: | **Holiday Inn** | Date and Time: | On October 17, 2008 at 9:00 a.m. |
|---|---|---|---|
|  | **45 St. Patrick's Drive** | | |
|  | **Waldorf, MD 20603** | | |

_____ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| Premises | Date and Time |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

I-838365.1

_Gerry H. Tostanoski_                    Counsel for SSA Security, Inc.          _10/3/08_
**Issuing Officer Signature**                    **Issuing Officer Title**                    **Date**

Gerry H. Tostanoski, Esq. (MSB #07382)
Tydings & Rosenberg LLP
100 East Pratt Street, 26th Floor, Baltimore, MD 21202
Telephone: (410) 752-9733; Facsimile: (410) 727-5460

| PROOF OF SERVICE | | | |
|---|---|---|---|
| SERVED | Date | | Place |
| Served On (Print Name) | | | Manner of Service |
| Served By (Print Name) | | | Title |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed On _____

_____
Signature of Server

_____
Address of Server

Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c)       PROTECTION OF PERSONS SUBJECT TO SUBPOENAS:

    (1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fees.

    (2)(A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

    (B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

    (3)(A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

        (I)  fails to allow reasonable time for compliance;
        (ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that subject to the provisions of clause

(c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
        (iii)  requires disclosure of privileged or other protected material and no exception or waiver applies, or
        (iv)  subjects a person to undue burden.
(B)  If a subpoena
        (I)  requires disclosure of a trade secret or other confidential research, development, or commercial information or
        (ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
        (iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)       DUTIES IN RESPONDING TO SUBPOENA

        (1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

        (2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A

DEFINITIONS AND INSTRUCTIONS

A.   In answering the following requests, you should furnish all Documents that are in the possession, custody, or control of yourself, your agents, attorneys, representatives, and/or all other persons acting on your behalf.

B.   If any Document requested was formerly in your possession, custody or control and has since been destroyed, lost or is otherwise unavailable to you, you are requested to: identify the Document, described its contents in detail, and state when the Document was destroyed, lost or otherwise became unavailable to you and, if destroyed, identify each person having knowledge concerning such destructions and the reason for such destruction.

C.   If a privilege is claimed as a ground for not responding in whole or in part to any request, your are requested to provide the following information: 1.) the author, address, and recipients; 2.) the date; 3.) Document description;  4.) type of privilege claimed and the basis for the privilege; and 5.) the request to which the document is responsive.

D.   If you object to any document request, please state with specificity the reasons for such objection.

E.   The following rules of construction apply to all requests:

   a.   And/or:  The connective "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

   b.   Number:  The use of singular for any word includes the plural and vice versa.

   c.   Masculine/Feminine:  All masculine pronouns shall be construed to include the feminine and vice versa.  All neutral pronouns shall be construed to include both masculine and feminine.

F.   Unless otherwise specified, each request seeks Documents or information for the period January 1, 2003 through the present.

DEFINITIONS

A.   "Aaron Speed" means Aaron Lee Speed, a former security guard for SSA Security, Inc. and an individual defendant in *Antonio v. Security Services of America, LLC*, Civil Action No. 05-CV-02982-AW, a civil action filed in the United States District Court for the District of Maryland on November 2, 2008, and his agents, attorneys, and representatives, and all other persons acting on his behalf.

I-838413.1

B.    "Builders" means Patriot Homes, Lennar Homes, Inc. and/or U.S. Home Corporation, and their respective agents, attorneys, and representatives, and all other persons acting on their behalf.

C.    "Communications" means every manner or means of disclosure, transfer, or exchange of information, whether oral, electronic, by document, or otherwise, and whether fact-to-fact, in a meeting, by telephone, mail, electronic mail, internet posting, personal delivery, or otherwise.

D.    "Document" or "Documents" has the broadest meaning accorded to it by the Federal Rules of Civil Procedure and means, without limitation, any written, typewritten, printed, electronic, or recorded material or matter, including, but not limited to: correspondence, notes, memoranda, letters, electronic mail, text messages, financial statements and reports, tape recordings (audio and video), drawings, calendars, diaries, journals, appointment books, telephone logs, calculations, surveys, graphs, charts, photographs, computer files, and computer print-outs. This term shall include all paper or "hard copy," as well as any material stored or contained on any storage media, emails, caches, and the like. A draft or non-identical copy is a separate Document within the meaning of the term.

E.    "Hunter's Brooke" refers to the residential development with that name in Indian Head, Charles County, Maryland, including all phases of the development, as described in the Complaint of *Antonio v. Security Services of America, LLC,* *supra.*

F.    "Homeowners" means any and all individuals who purchased property in Hunter's Brooke and/or had a contract to purchase property in Hunter's Brooke, at any time.

G.    "Investigation" means examination, exploration, inspection, inquiry, analysis, study, probe, scrutiny, assessment, research, or any evaluation of the situation or question at issue.

H.    "Jeremy Parady" means Jeremy Daniel Parady, an individual defendant in *Antonio v. Security Services of America, LLC,* Civil Action No. 05-CV-02982-AW, a civil action filed in the United States District Court for the District of Maryland on November 2, 2008, and his agents, attorneys, and representatives, and all other persons acting on his behalf.

I.    "Michael Everhart" means Michael McIntosh Everhart, an individual defendant in *Antonio v. Security Services of America, LLC,* Civil Action No. 05-CV-02982-AW, a civil action filed in the United States District Court for the District of Maryland on November 2, 2008, and his agents, attorneys, and representatives, and all other persons acting on his behalf.

J.    "Patrick Walsh" means Patrick Stephen Walsh, an individual defendant in *Antonio v. Security Services of America, LLC,* Civil Action No. 05-CV-02982-

I-838413.1

AW, a civil action filed in the United States District Court for the District of Maryland on November 2, 2008, and his agents, attorneys, and representatives, and all other persons acting on his behalf.

K. "Relating to" means concerning, referring to, indicating, commenting on , about, regarding, discussing, mentioning, alluding to, describing, reflecting, or analyzing.

L. "Roy McCann" means Roy Thomas McCann, an individual defendant in *Antonio v. Security Services of America, LLC,* Civil Action No. 05-CV-02982-AW, a civil action filed in the United States District Court for the District of Maryland on November 2, 2008, and his agents, attorneys, and representatives, and all other persons acting on his behalf.

M. "Corporate Defendants" means Security Services of America, LLC, ABM Industries, Inc., SSA Security, Inc. and their respective agents, attorneys, and representatives, and all other persons acting on their behalf.

N. "William Fitzpatrick" means Williams Fitzpatrick, a former security guard for SSA Security, Inc., and his agents, attorneys, representatives, and all other persons acting on his behalf.

O. "You" or "Your" means Chris Guldi, in your official capacity as a real estate professional with Keller Williams Realty of Southern Maryland and a real estate professional in and around the vicinity of Indian Head, Maryland, and your agents, attorneys, representatives, and all other persons acting for you or on your behalf.

## REQUESTS FOR PRODUCTION

1. All Documents Relating to the fires that took place at Hunter's Brooke on December 6, 2004.

2. All Documents Relating to or describing any Communication with or about: a.) Aaron Speed; b.) Jeremy Parady; c.) Michael Everhart; d.) Patrick Walsh; e.) Roy McCann; or 3.) William Fitzpatrick.

3. All Documents Relating to or Communications about the criminal trials or sentencing of: a.) Aaron Speed; b.) Jeremy Parady; c.) Michael Everhart; d.) Patrick Walsh; e.) Roy McCann; or e.) William Fitzpatrick.

4. All Documents Relating to or Communications about the racial composition of the Homeowners.

5. All Documents Relating to or Communications about the pricing of homes at Hunter's Brooke.

1-838413.1

6.     All Documents Relating to or Communications about the sale of homes in Hunter's Brooke.

7.     All Documents Relating to or Communications about dealings with any of the individuals plaintiffs in *Antonio v. Security Services of America, LLC,* Civil Action No. 05-CV-02982-AW, including but not limited to, contracts to buy/sell, lease or other transfer of property at Hunter's Brooke or elsewhere.

8.     All Documents Relating to or Communications about the value, pricing, or marketability of homes at Hunter's Brooke compare to comparable neighborhoods.

4

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## SOUTHERN DIVISION

JOSEPH ANTONIO, *et al.*,
    Plaintiffs,

V.

SECURITY SERVICES OF
AMERICA, LLC, *et al.*,
    Defendants.

**SUBPOENA IN A CIVIL CASE**

Civil Action No.    AW-05-2982

TO:    **Scott Creelman**
      **4820 Strauss Avenue**
      **Indian Head, MD 20640**

_____ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| Place of Testimony | Courtroom |
|---|---|
| | |

**X**     YOU ARE COMMANDED to appear in the place, date and time specified to testify at the taking of a deposition in the above case.

| Place of Deposition | Date and Time: |
|---|---|
| Holiday Inn<br>45 St. Patrick's Drive<br>Waldorf, MD 20603 | October 17, 2008 at 1:00 p.m. |

**X**     YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:

See "Attachment A"

| Place: | Date and Time: | |
|---|---|---|
| Holiday Inn<br>45 St. Patrick's Drive<br>Waldorf, MD 20603 | | On October 17, 2008 at 1:00 p.m. |

_____ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| Premises | Date and Time |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

I-838383.1

_Gerry H. Tostanoski_                Counsel for SSA Security, Inc.              10/3/08

**Issuing Officer Signature**          **Issuing Officer Title**                 **Date**

Gerry H. Tostanoski, Esq. (MSB #07382)
Tydings & Rosenberg LLP
100 East Pratt Street, 26th Floor, Baltimore, MD 21202
Telephone: (410) 752-9733; Facsimile: (410) 727-5460

---

**PROOF OF SERVICE**

| SERVED | Date | | Place |
|---|---|---|---|
| Served On (Print Name) | | | Manner of Service |
| Served By (Print Name) | | | Title |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed On _____

_____
Signature of Server

_____
Address of Server

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c)      PROTECTION OF PERSONS SUBJECT TO SUBPOENAS:

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fees.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that subject to the provisions of clause

(c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected material and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(I) requires disclosure of a trade secret or other confidential research, development, or commercial information or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)      DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A

### DEFINITIONS AND INSTRUCTIONS

A.  In answering the following requests, you should furnish all Documents that are in the possession, custody, or control of yourself, your agents, attorneys, representatives, and/or all other persons acting on your behalf.

B.  If any Document requested was formerly in your possession, custody or control and has since been destroyed, lost or is otherwise unavailable to you, you are requested to: identify the Document, described its contents in detail, and state when the Document was destroyed, lost or otherwise became unavailable to you and, if destroyed, identify each person having knowledge concerning such destructions and the reason for such destruction.

C.  If a privilege is claimed as a ground for not responding in whole or in part to any request, your are requested to provide the following information: 1.) the author, address, and recipients; 2.) the date; 3.) Document description; 4.) type of privilege claimed and the basis for the privilege; and 5.) the request to which the document is responsive.

D.  If you object to any document request, please state with specificity the reasons for such objection.

E.  The following rules of construction apply to all requests:

a.  And/or: The connective "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

b.  Number: The use of singular for any word includes the plural and vice versa.

c.  Masculine/Feminine: All masculine pronouns shall be construed to include the feminine and vice versa. All neutral pronouns shall be construed to include both masculine and feminine.

F.  Unless otherwise specified, each request seeks Documents or information for the period January 1, 2003 through the present.

### DEFINITIONS

A.  "Aaron Speed" means Aaron Lee Speed, a former security guard for SSA Security, Inc. and an individual defendant in *Antonio v. Security Services of America, LLC,* Civil Action No. 05-CV-02982-AW, a civil action filed in the United States District Court for the District of Maryland on November 2, 2008, and his agents, attorneys, and representatives, and all other persons acting on his behalf.

I-838413.1

B.      "Builders" means Patriot Homes, Lennar Homes, Inc. and/or U.S. Home
        Corporation, and their respective agents, attorneys, and representatives, and all
        other persons acting on their behalf.

C.      "Communications" means every manner or means of disclosure, transfer, or
        exchange of information, whether oral, electronic, by document, or otherwise, and
        whether fact-to-fact, in a meeting, by telephone, mail, electronic mail, internet
        posting, personal delivery, or otherwise.

D.      "Document" or "Documents" has the broadest meaning accorded to it by the
        Federal Rules of Civil Procedure and means, without limitation, any written,
        typewritten, printed, electronic, or recorded material or matter, including, but not
        limited to: correspondence, notes, memoranda, letters, electronic mail, text
        messages, financial statements and reports, tape recordings (audio and video),
        drawings, calendars, diaries, journals, appointment books, telephone logs,
        calculations, surveys, graphs, charts, photographs, computer files, and computer
        print-outs.  This term shall include all paper or "hard copy," as well as any
        material stored or contained on any storage media, emails, caches, and the like.  A
        draft or non-identical copy is a separate Document within the meaning of the
        term.

E.      "Hunter's Brooke" refers to the residential development with that name in Indian
        Head, Charles County, Maryland, including all phases of the development, as
        described in the Complaint of *Antonio v. Security Services of America, LLC,
        supra.*

F.      "Homeowners" means any and all individuals who purchased property in
        Hunter's Brooke and/or had a contract to purchase property in Hunter's Brooke,
        at any time.

G.      "Investigation" means examination, exploration, inspection, inquiry, analysis,
        study, probe, scrutiny, assessment, research, or any evaluation of the situation or
        question at issue.

H.      "Jeremy Parady" means Jeremy Daniel Parady, an individual defendant in
        *Antonio v. Security Services of America, LLC,* Civil Action No. 05-CV-02982-
        AW, a civil action filed in the United States District Court for the District of
        Maryland on November 2, 2008, and his agents, attorneys, and representatives,
        and all other persons acting on his behalf.

I.      "Michael Everhart" means Michael McIntosh Everhart, an individual defendant in
        *Antonio v. Security Services of America, LLC,* Civil Action No. 05-CV-02982-
        AW, a civil action filed in the United States District Court for the District of
        Maryland on November 2, 2008, and his agents, attorneys, and representatives,
        and all other persons acting on his behalf.

J.      "Patrick Walsh" means Patrick Stephen Walsh, an individual defendant in
        *Antonio v. Security Services of America, LLC,* Civil Action No. 05-CV-02982-

I-838413.1

AW, a civil action filed in the United States District Court for the District of
Maryland on November 2, 2008, and his agents, attorneys, and representatives,
and all other persons acting on his behalf.

K.    "Relating to" means concerning, referring to, indicating, commenting on , about,
      regarding, discussing, mentioning, alluding to, describing, reflecting, or
      analyzing.

L.    "Roy McCann" means Roy Thomas McCann, an individual defendant in *Antonio
      v. Security Services of America, LLC,* Civil Action No. 05-CV-02982-AW, a civil
      action filed in the United States District Court for the District of Maryland on
      November 2, 2008, and his agents, attorneys, and representatives, and all other
      persons acting on his behalf.

M.    "Corporate Defendants" means Security Services of America, LLC, ABM
      Industries, Inc., SSA Security, Inc. and their respective agents, attorneys, and
      representatives, and all other persons acting on their behalf.

N.    "William Fitzpatrick" means Williams Fitzpatrick, a former security guard for
      SSA Security, Inc., and his agents, attorneys, representatives, and all other
      persons acting on his behalf.

O.    "You" or "Your" means Chris Guldi, in your official capacity as a real estate
      professional with Keller Williams Realty of Southern Maryland and a real estate
      professional in and around the vicinity of Indian Head, Maryland, and your
      agents, attorneys, representatives, and all other persons acting for you or on your
      behalf.

## REQUESTS FOR PRODUCTION

1.    All Documents Relating to the fires that took place at Hunter's Brooke on
      December 6, 2004.

2.    All Documents Relating to or describing any Communication with or about: a.)
      Aaron Speed; b.) Jeremy Parady; c.) Michael Everhart; d.) Patrick Walsh; e.) Roy
      McCann; or 3.) William Fitzpatrick.

3.    All Documents Relating to or Communications about the criminal trials or
      sentencing of: a.) Aaron Speed; b.) Jeremy Parady; c.) Michael Everhart; d.)
      Patrick Walsh; e.) Roy McCann; or e.) William Fitzpatrick.

4.    All Documents Relating to or Communications about the racial composition of
      the Homeowners.

5.    All Documents Relating to or Communications about the pricing of homes at
      Hunter's Brooke.

6.  All Documents Relating to or Communications  about the sale of homes in Hunter's Brooke.

7.  All Documents Relating to or Communications about dealings with any of the individuals plaintiffs in *Antonio v. Security Services of America, LLC,* Civil Action No. 05-CV-02982-AW,  including but not limited to, contracts to buy/sell, lease or other transfer of property at Hunter's Brooke or elsewhere.

8.  All Documents Relating to or Communications about the value, pricing, or marketability of homes at Hunter's Brooke compare to comparable neighborhoods.

I-838413.1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (SOUTHERN DIVISION)

| | | |
|---|---|---|
| JOSEPH ANTONIO, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. AW-05-2982 |
| | ) | |
| SECURITY SERVICES OF AMERICA, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' NOTICE TO TAKE DEPOSITION

PLEASE TAKE NOTICE that the undersigned will take the following deposition, upon oral examination before a court reporter and notary public or some other officer qualified to take depositions, **at Keller Williams Realty of Southern Maryland, 2670 Crain Highway, Suite 300, Waldorf, Maryland 20601,**on the date and at the time listed below and thereafter from day to day as the taking of the deposition may be adjourned:

**Chris Guldi**          **October 16, 2008, at 9:00 a.m.**

You are notified to appear and take such part in the examination as you may be advised and shall be fit and proper.

Respectfully submitted,

**SECURITY SERVICES OF AMERICA, LLC,
ABM INDUSTRIES, INCORPORATED., AND
SSA SECURITY, INC., D/B/A SECURITY
SERVICES OF AMERICA**

By: _____
                Of Counsel

Kevin L. Keller, Esq. (*admitted pro hac vice*)
John S. Wilson, Esq. (*admitted pro hac vice*)
Joseph P. Moriarty, Esq. (*admitted pro hac vice*)
WILLCOX & SAVAGE, P.C.
Bank of America Center
One Commercial Place, Suite 1800
Norfolk, VA  23510
Telephone:  (757) 628-5500
Facsimile:  (757) 628-5566

and

Gerry H. Tostanoski, Esq. (Federal Bar No. 07382)
Scott A. Thomas, Esq. (Federal Bar No. 11692)
Tydings & Rosenberg LLP
100 East Pratt Street, 26th Floor
Baltimore, MD 21202
Tele:   (410) 752-9761
Fax:    (410) 727-5460

**Counsel for Defendants**
Security Services of America LLC,
ABM Industries. Inc., and SSA Security. Inc.

2

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2008, I transmitted a true, complete, and signed copy of the foregoing Defendants' Notice to Take Deposition via E-mail to the following:

Steve Schulman, Esq. (sschulman@akingump.com)
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
and
Isabelle M. Thabault, Esq. (isabelle_thabault@washlaw.org)
Donald L. Kahl, Esq. (don_kahl@washlaw.org)
Robert M. Bruskin, Esq. (bob_bruskin@washlaw.org)
Washington Lawyers' Committee
for Civil Rights and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036
**Attorneys for Plaintiffs**

Philip T. Evans, Esq. (philip.evans@hklaw.com)
Holland & Knight LLP
2099 Pennsylvania Avenue, NW
Suite 100
Washington, DC 20006
**Attorney for Defendant Michael Everhart**

Daniel R. Chemers, Esq. (dchemers@saul.com)
Gilbert D. Dean, II, Esq. (gdean@saul.com)
Gregory E. Rapisarda, Esq. (grapisarda@saul.com)
Saul Ewing LLP
Lockwood Place
500 East Pratt, Suite 900
Baltimore, MD 21202
**Attorneys for Defendant Jeremy D. Parady**

Harold Belkowitz, Esq. (hgbelkowitz@ober.com)
Kelly M. Preteroti, Esq. (kmpreteroti@ober.com)
Ober, Kaler, Grimes & Shriver
A Professional Corporation
120 E. Baltimore Street
Baltimore, MD 21202
**Attorneys for Defendant Aaron Speed**

3

Brent J. Gurney, Esq.
Renee Joanne Barnett, Esq.
Kevin H. Moriarty, Esq.
Thaya F. Brook, Esq.
Kevin C. Heffel, Esq.
(WHWalshTeam@wilmerhale.com)
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue NW
Washington, D.C. 20006
**Attorneys for Defendant Patrick Walsh**

Joshua R. Treem, Esq. (jtreem@stkgrlaw.com)
Brendon A. Hurson, Esq. (bhurson@stkgrlaw.com)
Schulman, Treem, Kaminkow, Gilden & Ravenell, PA
The World Trade Center
401 East Pratt Street, Suite 1800
Baltimore, MD 21202
**Attorney for Defendant Roy McCann**

I-838417.1

4

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### SOUTHERN DIVISION

JOSEPH ANTONIO, *et al.*,
    Plaintiffs,

V.

SECURITY SERVICES OF
AMERICA, LLC, *et al.*,
    Defendants.

**SUBPOENA IN A CIVIL CASE**

Civil Action No.    AW-05-2982

TO:    **Chris Guldi**
        **Keller Williams Realty of Southern Maryland**
        **2670 Crain Highway, Suite 300**
        **Waldorf, MD 20601**

_____ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| Place of Testimony | Courtroom |
|---|---|
|  |  |

**X** YOU ARE COMMANDED to appear in the place, date and time specified to testify at the taking of a deposition in the above case.

| Place of Deposition<br>**Keller Williams Realty of Southern Maryland**<br>**2670 Crain Highway, Suite 300**<br>**Waldorf, MD 20601** | Date and Time:<br>**October 16, 2008 at 9:00 a.m.** |
|---|---|

**X** YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:

See "Attachment A"

| Place:   **Keller Williams Realty of Southern Maryland**<br>       **2670 Crain Highway, Suite 300**<br>       **Waldorf, MD 20601** | Date and Time: | On October 16, 2008 at 9:00 a.m. |
|---|---|---|

_____ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| Premises | Date and Time |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

I-838394.1

*Gerry H. Tostanoski* _____
**Issuing Officer Signature**

Counsel for SSA Security, Inc. _____
**Issuing Officer Title**

*10/2/08* _____
**Date**

Gerry H. Tostanoski, Esq. (MSB #07382)
Tydings & Rosenberg LLP
100 East Pratt Street, 26th Floor, Baltimore, MD 21202
Telephone: (410) 752-9733; Facsimile: (410) 727-5460

---

### PROOF OF SERVICE

| SERVED | Date | | Place |
|---|---|---|---|
| **Served On (Print Name)** | | | **Manner of Service** |
| **Served By (Print Name)** | | **Title** | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed On _____

_____
Signature of Server

_____
Address of Server

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c)     PROTECTION OF PERSONS SUBJECT TO SUBPOENAS:

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fees.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that subject to the provisions of clause

(c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected material and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)     DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

I-838394.1

**ATTACHMENT A**

DEFINITIONS AND INSTRUCTIONS

A.  In answering the following requests, you should furnish all Documents that are in the possession, custody, or control of yourself, your agents, attorneys, representatives, and/or all other persons acting on your behalf.

B.  If any Document requested was formerly in your possession, custody or control and has since been destroyed, lost or is otherwise unavailable to you, you are requested to: identify the Document, described its contents in detail, and state when the Document was destroyed, lost or otherwise became unavailable to you and, if destroyed, identify each person having knowledge concerning such destructions and the reason for such destruction.

C.  If a privilege is claimed as a ground for not responding in whole or in part to any request, your are requested to provide the following information: 1.) the author, address, and recipients; 2.) the date; 3.) Document description; 4.) type of privilege claimed and the basis for the privilege; and 5.) the request to which the document is responsive.

D.  If you object to any document request, please state with specificity the reasons for such objection.

E.  The following rules of construction apply to all requests:

   a.  And/or: The connective "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

   b.  Number: The use of singular for any word includes the plural and vice versa.

   c.  Masculine/Feminine: All masculine pronouns shall be construed to include the feminine and vice versa. All neutral pronouns shall be construed to include both masculine and feminine.

F.  Unless otherwise specified, each request seeks Documents or information for the period January 1, 2003 through the present.

DEFINITIONS

A.  "Aaron Speed" means Aaron Lee Speed, a former security guard for SSA Security, Inc. and an individual defendant in *Antonio v. Security Services of America, LLC,* Civil Action No. 05-CV-02982-AW, a civil action filed in the United States District Court for the District of Maryland on November 2, 2008, and his agents, attorneys, and representatives, and all other persons acting on his behalf.

I-838413.1

B.     "Builders" means Patriot Homes, Lennar Homes, Inc. and/or U.S. Home Corporation, and their respective agents, attorneys, and representatives, and all other persons acting on their behalf.

C.     "Communications" means every manner or means of disclosure, transfer, or exchange of information, whether oral, electronic, by document, or otherwise, and whether fact-to-fact, in a meeting, by telephone, mail, electronic mail, internet posting, personal delivery, or otherwise.

D.     "Document" or "Documents" has the broadest meaning accorded to it by the Federal Rules of Civil Procedure and means, without limitation, any written, typewritten, printed, electronic, or recorded material or matter, including, but not limited to: correspondence, notes, memoranda, letters, electronic mail, text messages, financial statements and reports, tape recordings (audio and video), drawings, calendars, diaries, journals, appointment books, telephone logs, calculations, surveys, graphs, charts, photographs, computer files, and computer print-outs.  This term shall include all paper or "hard copy," as well as any material stored or contained on any storage media, emails, caches, and the like.  A draft or non-identical copy is a separate Document within the meaning of the term.

E.     "Hunter's Brooke" refers to the residential development with that name in Indian Head, Charles County, Maryland, including all phases of the development, as described in the Complaint of *Antonio v. Security Services of America, LLC, supra.*

F.     "Homeowners" means any and all individuals who purchased property in Hunter's Brooke and/or had a contract to purchase property in Hunter's Brooke, at any time.

G.     "Investigation" means examination, exploration, inspection, inquiry, analysis, study, probe, scrutiny, assessment, research, or any evaluation of the situation or question at issue.

H.     "Jeremy Parady" means Jeremy Daniel Parady, an individual defendant in *Antonio v. Security Services of America, LLC,* Civil Action No. 05-CV-02982-AW, a civil action filed in the United States District Court for the District of Maryland on November 2, 2008, and his agents, attorneys, and representatives, and all other persons acting on his behalf.

I.     "Michael Everhart" means Michael McIntosh Everhart, an individual defendant in *Antonio v. Security Services of America, LLC,* Civil Action No. 05-CV-02982-AW, a civil action filed in the United States District Court for the District of Maryland on November 2, 2008, and his agents, attorneys, and representatives, and all other persons acting on his behalf.

J.     "Patrick Walsh" means Patrick Stephen Walsh, an individual defendant in *Antonio v. Security Services of America, LLC,* Civil Action No. 05-CV-02982-

2

AW, a civil action filed in the United States District Court for the District of Maryland on November 2, 2008, and his agents, attorneys, and representatives, and all other persons acting on his behalf.

K.   "Relating to" means concerning, referring to, indicating, commenting on , about, regarding, discussing, mentioning, alluding to, describing, reflecting, or analyzing.

L.   "Roy McCann" means Roy Thomas McCann, an individual defendant in *Antonio v. Security Services of America, LLC,* Civil Action No. 05-CV-02982-AW, a civil action filed in the United States District Court for the District of Maryland on November 2, 2008, and his agents, attorneys, and representatives, and all other persons acting on his behalf.

M.   "Corporate Defendants" means Security Services of America, LLC, ABM Industries, Inc., SSA Security, Inc. and their respective agents, attorneys, and representatives, and all other persons acting on their behalf.

N.   "William Fitzpatrick" means Williams Fitzpatrick, a former security guard for SSA Security, Inc., and his agents, attorneys, representatives, and all other persons acting on his behalf.

O.   "You" or "Your" means Chris Guldi, in your official capacity as a real estate professional with Keller Williams Realty of Southern Maryland and a real estate professional in and around the vicinity of Indian Head, Maryland, and your agents, attorneys, representatives, and all other persons acting for you or on your behalf.

## REQUESTS FOR PRODUCTION

1.   All Documents Relating to the fires that took place at Hunter's Brooke on December 6, 2004.

2.   All Documents Relating to or describing any Communication with or about: a.) Aaron Speed; b.) Jeremy Parady; c.) Michael Everhart; d.) Patrick Walsh; e.) Roy McCann; or 3.) William Fitzpatrick.

3.   All Documents Relating to or Communications about the criminal trials or sentencing of: a.) Aaron Speed; b.) Jeremy Parady; c.) Michael Everhart; d.) Patrick Walsh; e.) Roy McCann; or e.) William Fitzpatrick.

4.   All Documents Relating to or Communications about the racial composition of the Homeowners.

5.   All Documents Relating to or Communications about the pricing of homes at Hunter's Brooke.

I-838413.1

6.      All Documents Relating to or Communications  about the sale of homes in Hunter's Brooke.

7.      All Documents Relating to or Communications about dealings with any of the individuals plaintiffs in *Antonio v. Security Services of America, LLC,* Civil Action No. 05-CV-02982-AW,  including but not limited to, contracts to buy/sell, lease or other transfer of property at Hunter's Brooke or elsewhere.

8.      All Documents Relating to or Communications about the value, pricing, or marketability of homes at Hunter's Brooke compare to comparable neighborhoods.

I-838413.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | |
|---|---|
| JOSEPH ANTONIO, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. AW-05-2982 |
| | ) |
| SECURITY SERVICES OF AMERICA, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' NOTICE TO TAKE DEPOSITIONS

PLEASE TAKE NOTICE that the undersigned will take the following depositions, upon

oral examination before a court reporter and notary public or some other officer qualified to take

depositions, **at the law offices of Tydings & Rosenberg, LLP, 100 East Pratt Street, 26th**

**Floor, Baltimore, Maryland 21202,** on the dates and at the times listed below and thereafter

from day to day as the taking of the depositions may be adjourned:

|  |  |
|---|---|
| John Gaw | October 20, 2008, at 9:00 a.m. |
| Timothy Schwartz | October 20, 2008, at 1:00 p.m. |

You are notified to appear and take such part in the examination as you may be advised

and shall be fit and proper.

Respectfully submitted,

**SECURITY SERVICES OF AMERICA, LLC,**
**ABM INDUSTRIES, INCORPORATED., AND**
**SSA SECURITY, INC., D/B/A SECURITY**
**SERVICES OF AMERICA**

By: _____
Of Counsel

Kevin L. Keller, Esq. (*admitted pro hac vice*)
John S. Wilson, Esq. (*admitted pro hac vice*)
Joseph P. Moriarty, Esq. (*admitted pro hac vice*)
WILLCOX & SAVAGE, P.C.
Bank of America Center
One Commercial Place, Suite 1800
Norfolk, VA  23510
Telephone:  (757) 628-5500
Facsimile:  (757) 628-5566

and

Gerry H. Tostanoski, Esq. (Federal Bar No. 07382)
Scott A. Thomas, Esq. (Federal Bar No. 11692)
Tydings & Rosenberg LLP
100 East Pratt Street, 26th Floor
Baltimore, MD 21202
Tele:   (410) 752-9761
Fax:    (410) 727-5460

**Counsel for Defendants**
Security Services of America LLC,
ABM Industries. Inc., and SSA Security. Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2008, I transmitted a true, complete, and signed copy of the foregoing Defendants' Notice to Take Depositions via E-mail to the following:

Steve Schulman, Esq. (sschulman@akingump.com)
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C.  20036
and
Isabelle M. Thabault, Esq. (isabelle_thabault@washlaw.org)
Donald L. Kahl, Esq. (don_kahl@washlaw.org)
Robert M. Bruskin, Esq. (bob_bruskin@washlaw.org)
Washington Lawyers' Committee
for Civil Rights and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C.  20036
**Attorneys for Plaintiffs**

Philip T. Evans, Esq. (philip.evans@hklaw.com)
Holland & Knight LLP
2099 Pennsylvania Avenue, NW
Suite 100
Washington, DC  20006
**Attorney for Defendant Michael Everhart**

Daniel R. Chemers, Esq. (dchemers@saul.com)
Gilbert D. Dean, II, Esq. (gdean@saul.com)
Gregory E. Rapisarda, Esq. (grapisarda@saul.com)
Saul Ewing LLP
Lockwood Place
500 East Pratt, Suite 900
Baltimore, MD 21202
**Attorneys for Defendant Jeremy D. Parady**

Harold Belkowitz, Esq. (hgbelkowitz@ober.com)
Kelly M. Preteroti, Esq. (kmpreteroti@ober.com)
Ober, Kaler, Grimes & Shriver
A Professional Corporation
120 E. Baltimore Street
Baltimore, MD 21202
**Attorneys for Defendant Aaron Speed**

3

Brent J. Gurney, Esq.
Renee Joanne Barnett, Esq.
Kevin H. Moriarty, Esq.
Thaya F. Brook, Esq.
Kevin C. Heffel, Esq.
(WHWalshTeam@wilmerhale.com)
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue NW
Washington, D.C. 20006
**Attorneys for Defendant Patrick Walsh**

Joshua R. Treem, Esq. (jtreem@stkgrlaw.com)
Brendon A. Hurson, Esq. (bhurson@stkgrlaw.com)
Schulman, Treem, Kaminkow, Gilden & Ravenell, PA
The World Trade Center
401 East Pratt Street, Suite 1800
Baltimore, MD 21202
**Attorney for Defendant Roy McCann**

I-838412.1

4

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### SOUTHERN DIVISION

JOSEPH ANTONIO, *et al.*,

    Plaintiffs,

V.

SECURITY SERVICES OF
AMERICA, LLC, *et al.*,

    Defendants.

**SUBPOENA IN A CIVIL CASE**

Civil Action No.    AW-05-2982

TO:    **John Gaw**
       **6741 Whistling Winds Walk**
       **Clarksville, MD 21029**

_____ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| Place of Testimony | Courtroom |
|---|---|
|  |  |

   **X**    YOU ARE COMMANDED to appear in the place, date and time specified to testify at the taking of a deposition in the above case.

| Place of Deposition | Date and Time: |
|---|---|
| Tydings & Rosenberg LLP<br>100 East Pratt Street, 26th Floor<br>Baltimore, MD 21202 | October 20, 2008 at 9:00 a.m. |

   **X**    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:

See "Attachment A"

| Place: | Tydings & Rosenberg LLP<br>100 East Pratt Street, 26th Floor<br>Baltimore, MD 21202 | Date and Time: | On October 20, 2008 at 9:00 a.m. |
|---|---|---|---|

_____ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| Premises | Date and Time |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

1-838390.1

_Gerry H. Tostanoski_ Counsel for SSA Security, Inc.          10/2/08

**Issuing Officer Signature**          **Issuing Officer Title**          **Date**

Gerry H. Tostanoski, Esq. (MSB #07382)
Tydings & Rosenberg LLP
100 East Pratt Street, 26th Floor, Baltimore, MD 21202
Telephone: (410) 752-9733; Facsimile: (410) 727-5460

---

### PROOF OF SERVICE

| SERVED | Date | | Place | |
|---|---|---|---|---|
| Served On (Print Name) | | | Manner of Service | |
| Served By (Print Name) | | | Title | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed On _____

_____          _____
                                 Signature of Server

                                 _____
                                 Address of Server

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c)          PROTECTION OF PERSONS SUBJECT TO SUBPOENAS:

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fees.

(2)(A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(I)  fails to allow reasonable time for compliance;
(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that subject to the provisions of clause

(c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii)  requires disclosure of privileged or other protected material and no exception or waiver applies, or
(iv)  subjects a person to undue burden.
(B) If a subpoena
(I)  requires disclosure of a trade secret or other confidential research, development, or commercial information or
(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)          DUTIES IN RESPONDING TO SUBPOENA

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

I-838390.1

## ATTACHMENT A

DEFINITIONS AND INSTRUCTIONS

A.    In answering the following requests, you should furnish all Documents that are in the possession, custody, or control of yourself, your agents, attorneys, representatives, and/or all other persons acting on your behalf.

B.    If any Document requested was formerly in your possession, custody or control and has since been destroyed, lost or is otherwise unavailable to you, you are requested to: identify the Document, described its contents in detail, and state when the Document was destroyed, lost or otherwise became unavailable to you and, if destroyed, identify each person having knowledge concerning such destructions and the reason for such destruction.

C.    If a privilege is claimed as a ground for not responding in whole or in part to any request, your are requested to provide the following information: 1.) the author, address, and recipients; 2.) the date; 3.) Document description;  4.) type of privilege claimed and the basis for the privilege; and 5.) the request to which the document is responsive.

D.    If you object to any document request, please state with specificity the reasons for such objection.

E.    The following rules of construction apply to all requests:

a.    And/or:  The connective "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

b.    Number:  The use of singular for any word includes the plural and vice versa.

c.    Masculine/Feminine:  All masculine pronouns shall be construed to include the feminine and vice versa.  All neutral pronouns shall be construed to include both masculine and feminine.

F.    Unless otherwise specified, each request seeks Documents or information for the period January 1, 2003 through the present.

DEFINITIONS

A.    "Aaron Speed" means Aaron Lee Speed, a former security guard for SSA Security, Inc. and an individual defendant in *Antonio v. Security Services of America, LLC,* Civil Action No. 05-CV-02982-AW, a civil action filed in the United States District Court for the District of Maryland on November 2, 2008, and his agents, attorneys, and representatives, and all other persons acting on his behalf.

I-838413.1

B.    "Builders" means Patriot Homes, Lennar Homes, Inc. and/or U.S. Home Corporation, and their respective agents, attorneys, and representatives, and all other persons acting on their behalf.

C.    "Communications" means every manner or means of disclosure, transfer, or exchange of information, whether oral, electronic, by document, or otherwise, and whether fact-to-fact, in a meeting, by telephone, mail, electronic mail, internet posting, personal delivery, or otherwise.

D.    "Document" or "Documents" has the broadest meaning accorded to it by the Federal Rules of Civil Procedure and means, without limitation, any written, typewritten, printed, electronic, or recorded material or matter, including, but not limited to: correspondence, notes, memoranda, letters, electronic mail, text messages, financial statements and reports, tape recordings (audio and video), drawings, calendars, diaries, journals, appointment books, telephone logs, calculations, surveys, graphs, charts, photographs, computer files, and computer print-outs. This term shall include all paper or "hard copy," as well as any material stored or contained on any storage media, emails, caches, and the like. A draft or non-identical copy is a separate Document within the meaning of the term.

E.    "Hunter's Brooke" refers to the residential development with that name in Indian Head, Charles County, Maryland, including all phases of the development, as described in the Complaint of *Antonio v. Security Services of America, LLC, supra.*

F.    "Homeowners" means any and all individuals who purchased property in Hunter's Brooke and/or had a contract to purchase property in Hunter's Brooke, at any time.

G.    "Investigation" means examination, exploration, inspection, inquiry, analysis, study, probe, scrutiny, assessment, research, or any evaluation of the situation or question at issue.

H.    "Jeremy Parady" means Jeremy Daniel Parady, an individual defendant in *Antonio v. Security Services of America, LLC,* Civil Action No. 05-CV-02982-AW, a civil action filed in the United States District Court for the District of Maryland on November 2, 2008, and his agents, attorneys, and representatives, and all other persons acting on his behalf.

I.    "Michael Everhart" means Michael McIntosh Everhart, an individual defendant in *Antonio v. Security Services of America, LLC,* Civil Action No. 05-CV-02982-AW, a civil action filed in the United States District Court for the District of Maryland on November 2, 2008, and his agents, attorneys, and representatives, and all other persons acting on his behalf.

J.    "Patrick Walsh" means Patrick Stephen Walsh, an individual defendant in *Antonio v. Security Services of America, LLC,* Civil Action No. 05-CV-02982-

I-838413.1

AW, a civil action filed in the United States District Court for the District of Maryland on November 2, 2008, and his agents, attorneys, and representatives, and all other persons acting on his behalf.

K.   "Relating to" means concerning, referring to, indicating, commenting on , about, regarding, discussing, mentioning, alluding to, describing, reflecting, or analyzing.

L.   "Roy McCann" means Roy Thomas McCann, an individual defendant in *Antonio v. Security Services of America, LLC,* Civil Action No. 05-CV-02982-AW, a civil action filed in the United States District Court for the District of Maryland on November 2, 2008, and his agents, attorneys, and representatives, and all other persons acting on his behalf.

M.   "Corporate Defendants" means Security Services of America, LLC, ABM Industries, Inc., SSA Security, Inc. and their respective agents, attorneys, and representatives, and all other persons acting on their behalf.

N.   "William Fitzpatrick" means Williams Fitzpatrick, a former security guard for SSA Security, Inc., and his agents, attorneys, representatives, and all other persons acting on his behalf.

O.   "You" or "Your" means Chris Guldi, in your official capacity as a real estate professional with Keller Williams Realty of Southern Maryland and a real estate professional in and around the vicinity of Indian Head, Maryland, and your agents, attorneys, representatives, and all other persons acting for you or on your behalf.

## REQUESTS FOR PRODUCTION

1.   All Documents Relating to the fires that took place at Hunter's Brooke on December 6, 2004.

2.   All Documents Relating to or describing any Communication with or about: a.) Aaron Speed; b.) Jeremy Parady; c.) Michael Everhart; d.) Patrick Walsh; e.) Roy McCann; or 3.) William Fitzpatrick.

3.   All Documents Relating to or Communications about the criminal trials or sentencing of: a.) Aaron Speed; b.) Jeremy Parady; c.) Michael Everhart; d.) Patrick Walsh; e.) Roy McCann; or e.) William Fitzpatrick.

4.   All Documents Relating to or Communications about the racial composition of the Homeowners.

5.   All Documents Relating to or Communications about the pricing of homes at Hunter's Brooke.

6.  All Documents Relating to or Communications  about the sale of homes in Hunter's Brooke.

7.  All Documents Relating to or Communications about dealings with any of the individuals plaintiffs in *Antonio v. Security Services of America, LLC,* Civil Action No. 05-CV-02982-AW,  including but not limited to, contracts to buy/sell, lease or other transfer of property at Hunter's Brooke or elsewhere.

8.  All Documents Relating to or Communications about the value, pricing, or marketability of homes at Hunter's Brooke compare to comparable neighborhoods.

4

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | |
|---|---|
| JOSEPH ANTONIO, *et al.*,<br>        Plaintiffs, | **SUBPOENA IN A CIVIL CASE** |
| V. | Civil Action No.    AW-05-2982 |
| SECURITY SERVICES OF<br>AMERICA, LLC, *et al.*,<br>        Defendants. | |

TO:    **Timothy J. Schwartz
4755 Willows Road
Chesapeake Beach, MD 20732**

_____    YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| Place of Testimony | Courtroom |
|---|---|
| | |

\_\_**X**\_\_    YOU ARE COMMANDED to appear in the place, date and time specified to testify at the taking of a deposition in the above case.

| Place of Deposition<br>**Tydings & Rosenberg LLP<br>100 East Pratt Street, 26th Floor<br>Baltimore, MD 21202** | Date and Time:<br>**October 20, 2008 at 1:00 p.m.** |
|---|---|
| | |

\_\_**X**\_\_    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:

See "Attachment A"

| Place:    **Tydings & Rosenberg LLP<br>100 East Pratt Street, 26th Floor<br>Baltimore, MD 21202** | Date and<br>Time:    On October 20, 2008 at 1:00 p.m. |
|---|---|
| | |

_____    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| Premises | Date and Time |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

I-838392.1

_Geuy H, Tostanoski._            Counsel for SSA Security, Inc.            10/2/08
**Issuing Officer Signature**            **Issuing Officer Title**            **Date**

Gerry H. Tostanoski, Esq. (MSB #07382)
Tydings & Rosenberg LLP
100 East Pratt Street, 26th Floor, Baltimore, MD 21202
Telephone: (410) 752-9733; Facsimile: (410) 727-5460

| PROOF OF SERVICE | | | |
|---|---|---|---|
| SERVED | Date | | Place |
| Served On (Print Name) | | | Manner of Service |
| Served By (Print Name) | | | Title |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed On _____

_____
Signature of Server

_____
Address of Server

Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c)        PROTECTION OF PERSONS SUBJECT TO SUBPOENAS:

 (1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fees.

 (2)(A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

 (B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

 (3)(A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

 (I)  fails to allow reasonable time for compliance;
 (ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that subject to the provisions of clause

(c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
 (iii)  requires disclosure of privileged or other protected material and no exception or waiver applies, or
 (iv)  subjects a person to undue burden.
(B) If a subpoena
 (I)  requires disclosure of a trade secret or other confidential research, development, or commercial information or
 (ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
 (iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)        DUTIES IN RESPONDING TO SUBPOENA

 (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

 (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

I-838392.1

## ATTACHMENT A

DEFINITIONS AND INSTRUCTIONS

A.   In answering the following requests, you should furnish all Documents that are in the possession, custody, or control of yourself, your agents, attorneys, representatives, and/or all other persons acting on your behalf.

B.   If any Document requested was formerly in your possession, custody or control and has since been destroyed, lost or is otherwise unavailable to you, you are requested to: identify the Document, described its contents in detail, and state when the Document was destroyed, lost or otherwise became unavailable to you and, if destroyed, identify each person having knowledge concerning such destructions and the reason for such destruction.

C.   If a privilege is claimed as a ground for not responding in whole or in part to any request, your are requested to provide the following information: 1.) the author, address, and recipients; 2.) the date; 3.) Document description;  4.) type of privilege claimed and the basis for the privilege; and 5.) the request to which the document is responsive.

D.   If you object to any document request, please state with specificity the reasons for such objection.

E.   The following rules of construction apply to all requests:

   a.   And/or:  The connective "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

   b.   Number:  The use of singular for any word includes the plural and vice versa.

   c.   Masculine/Feminine:  All masculine pronouns shall be construed to include the feminine and vice versa.  All neutral pronouns shall be construed to include both masculine and feminine.

F.   Unless otherwise specified, each request seeks Documents or information for the period January 1, 2003 through the present.

DEFINITIONS

A.   "Aaron Speed" means Aaron Lee Speed, a former security guard for SSA Security, Inc. and an individual defendant in *Antonio v. Security Services of America, LLC,* Civil Action No. 05-CV-02982-AW, a civil action filed in the United States District Court for the District of Maryland on November 2, 2008, and his agents, attorneys, and representatives, and all other persons acting on his behalf.

B.      "Builders" means Patriot Homes, Lennar Homes, Inc. and/or U.S. Home Corporation, and their respective agents, attorneys, and representatives, and all other persons acting on their behalf.

C.      "Communications" means every manner or means of disclosure, transfer, or exchange of information, whether oral, electronic, by document, or otherwise, and whether fact-to-fact, in a meeting, by telephone, mail, electronic mail, internet posting, personal delivery, or otherwise.

D.      "Document" or "Documents" has the broadest meaning accorded to it by the Federal Rules of Civil Procedure and means, without limitation, any written, typewritten, printed, electronic, or recorded material or matter, including, but not limited to: correspondence, notes, memoranda, letters, electronic mail, text messages, financial statements and reports, tape recordings (audio and video), drawings, calendars, diaries, journals, appointment books, telephone logs, calculations, surveys, graphs, charts, photographs, computer files, and computer print-outs.  This term shall include all paper or "hard copy," as well as any material stored or contained on any storage media, emails, caches, and the like.  A draft or non-identical copy is a separate Document within the meaning of the term.

E.      "Hunter's Brooke" refers to the residential development with that name in Indian Head, Charles County, Maryland, including all phases of the development, as described in the Complaint of *Antonio v. Security Services of America, LLC, supra.*

F.      "Homeowners" means any and all individuals who purchased property in Hunter's Brooke and/or had a contract to purchase property in Hunter's Brooke, at any time.

G.      "Investigation" means examination, exploration, inspection, inquiry, analysis, study, probe, scrutiny, assessment, research, or any evaluation of the situation or question at issue.

H.      "Jeremy Parady" means Jeremy Daniel Parady, an individual defendant in *Antonio v. Security Services of America, LLC,* Civil Action No. 05-CV-02982-AW, a civil action filed in the United States District Court for the District of Maryland on November 2, 2008, and his agents, attorneys, and representatives, and all other persons acting on his behalf.

I.      "Michael Everhart" means Michael McIntosh Everhart, an individual defendant in *Antonio v. Security Services of America, LLC,* Civil Action No. 05-CV-02982-AW, a civil action filed in the United States District Court for the District of Maryland on November 2, 2008, and his agents, attorneys, and representatives, and all other persons acting on his behalf.

J.      "Patrick Walsh" means Patrick Stephen Walsh, an individual defendant in *Antonio v. Security Services of America, LLC,* Civil Action No. 05-CV-02982-

2

AW, a civil action filed in the United States District Court for the District of Maryland on November 2, 2008, and his agents, attorneys, and representatives, and all other persons acting on his behalf.

K.   "Relating to" means concerning, referring to, indicating, commenting on , about, regarding, discussing, mentioning, alluding to, describing, reflecting, or analyzing.

L.   "Roy McCann" means Roy Thomas McCann, an individual defendant in *Antonio v. Security Services of America, LLC,* Civil Action No. 05-CV-02982-AW, a civil action filed in the United States District Court for the District of Maryland on November 2, 2008, and his agents, attorneys, and representatives, and all other persons acting on his behalf.

M.   "Corporate Defendants" means Security Services of America, LLC, ABM Industries, Inc., SSA Security, Inc. and their respective agents, attorneys, and representatives, and all other persons acting on their behalf.

N.   "William Fitzpatrick" means Williams Fitzpatrick, a former security guard for SSA Security, Inc., and his agents, attorneys, representatives, and all other persons acting on his behalf.

O.   "You" or "Your" means Chris Guldi, in your official capacity as a real estate professional with Keller Williams Realty of Southern Maryland and a real estate professional in and around the vicinity of Indian Head, Maryland, and your agents, attorneys, representatives, and all other persons acting for you or on your behalf.

## REQUESTS FOR PRODUCTION

1.   All Documents Relating to the fires that took place at Hunter's Brooke on December 6, 2004.

2.   All Documents Relating to or describing any Communication with or about: a.) Aaron Speed; b.) Jeremy Parady; c.) Michael Everhart; d.) Patrick Walsh; e.) Roy McCann; or 3.) William Fitzpatrick.

3.   All Documents Relating to or Communications about the criminal trials or sentencing of: a.) Aaron Speed; b.) Jeremy Parady; c.) Michael Everhart; d.) Patrick Walsh; e.) Roy McCann; or e.) William Fitzpatrick.

4.   All Documents Relating to or Communications about the racial composition of the Homeowners.

5.   All Documents Relating to or Communications about the pricing of homes at Hunter's Brooke.

I-838413.1

6.    All Documents Relating to or Communications  about the sale of homes in Hunter's Brooke.

7.    All Documents Relating to or Communications about dealings with any of the individuals plaintiffs in *Antonio v. Security Services of America, LLC,* Civil Action No. 05-CV-02982-AW,  including but not limited to, contracts to buy/sell, lease or other transfer of property at Hunter's Brooke or elsewhere.

8.    All Documents Relating to or Communications about the value, pricing, or marketability of homes at Hunter's Brooke compare to comparable neighborhoods.

I-838413.1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## (SOUTHERN DIVISION)

| | | |
|---|---|---|
| JOSEPH ANTONIO, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. AW-05-2982 |
| | ) | |
| SECURITY SERVICES OF AMERICA, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' AMENDED NOTICE TO TAKE DEPOSITION

PLEASE TAKE NOTICE that the undersigned will take the following depositions, upon oral examination before a court reporter and notary public or some other officer qualified to take depositions, **at the Holiday Inn, 45 St. Patrick's Drive, Waldorf, Maryland 20603,**on the dates and at the times listed below and thereafter from day to day as the taking of the depositions may be adjourned:

| | |
|---|---|
| **Scott Creelman** | **October 16, 2008, at 3:00 p.m.** |

You are notified to appear and take such part in the examination as you may be advised and shall be fit and proper.

Respectfully submitted,

**SECURITY SERVICES OF AMERICA, LLC, ABM INDUSTRIES, INCORPORATED., AND SSA SECURITY, INC., D/B/A SECURITY SERVICES OF AMERICA**

By: _____
Of Counsel

Kevin L. Keller, Esq. (*admitted pro hac vice*)
John S. Wilson, Esq. (*admitted pro hac vice*)
Joseph P. Moriarty, Esq. (*admitted pro hac vice*)
Tara L. Chadbourn, Esq. (*admitted pro hac vice*)
WILLCOX & SAVAGE, P.C.
Bank of America Center
One Commercial Place, Suite 1800
Norfolk, VA 23510
Telephone: (757) 628-5500
Facsimile: (757) 628-5566

and

Gerry H. Tostanoski, Esq. (Federal Bar No. 07382)
Scott A. Thomas, Esq. (Federal Bar No. 11692)
Tydings & Rosenberg LLP
100 East Pratt Street, 26th Floor
Baltimore, MD 21202
Tele: (410) 752-9761
Fax: (410) 727-5460

**Counsel for Defendants**
Security Services of America LLC,
ABM Industries. Inc., and SSA Security. Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2008, I transmitted a true, complete, and signed copy of the foregoing Defendants' Notice to Take Depositions via E-mail to the following:

Steve Schulman, Esq. (sschulman@akingump.com)
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
and
Isabelle M. Thabault, Esq. (isabelle_thabault@washlaw.org)
Donald L. Kahl, Esq. (don_kahl@washlaw.org)
Robert M. Bruskin, Esq. (bob_bruskin@washlaw.org)
Washington Lawyers' Committee
for Civil Rights and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036
**Attorneys for Plaintiffs**

Philip T. Evans, Esq. (philip.evans@hklaw.com)
Holland & Knight LLP
2099 Pennsylvania Avenue, NW
Suite 100
Washington, DC 20006
**Attorney for Defendant Michael Everhart**

Daniel R. Chemers, Esq. (dchemers@saul.com)
Gilbert D. Dean, II, Esq. (gdean@saul.com)
Gregory E. Rapisarda, Esq. (grapisarda@saul.com)
Saul Ewing LLP
Lockwood Place
500 East Pratt, Suite 900
Baltimore, MD 21202
**Attorneys for Defendant Jeremy D. Parady**

Harold Belkowitz, Esq. (hgbelkowitz@ober.com)
Kelly M. Preteroti, Esq. (kmpreteroti@ober.com)
Ober, Kaler, Grimes & Shriver
A Professional Corporation
120 E. Baltimore Street
Baltimore, MD 21202
**Attorneys for Defendant Aaron Speed**

Brent J. Gurney, Esq.
Renee Joanne Barnett, Esq.
Kevin H. Moriarty, Esq.
Thaya F. Brook, Esq.
Kevin C. Heffel, Esq.
(WHWalshTeam@wilmerhale.com)
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue NW
Washington, D.C. 20006
**Attorneys for Defendant Patrick Walsh**

Joshua R. Treem, Esq. (jtreem@stkgrlaw.com)
Brendon A. Hurson, Esq. (bhurson@stkgrlaw.com)
Schulman, Treem, Kaminkow, Gilden & Ravenell, PA
The World Trade Center
401 East Pratt Street, Suite 1800
Baltimore, MD 21202
**Attorney for Defendant Roy McCann**

I-839582.1