**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)**

_____
)
JOSEPH ANTONIO, *et al.*,                                )
                                                                        )
                              Plaintifs,                             )
                                                                        )
              v.                                                       )          Case No. AW-05-2982
                                                                        )
SECURITY SERVICES OF AMERICA, LLC, *et al.*,   )
                                                                        )
                              Defendants.                       )
_____)


**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTION TO COMPEL
PRODUCTION OF ATTACHMENTS TO SELECTED PRIOR EXPERT REPORTS BY
KATHERINE W. KILLEEN**

This Court clearly ordered Dr. Killeen to produce three reports "talking about [her] methodology for discerning post-traumatic stress."  Just as clearly, the Court explained the scope of what Dr. Killeen was required to produce: "If [Dr. Killeen] wrote it down, you get it."

Nevertheless, SSA claims that all that the Court ordered its expert to produce was the narrative portion of her reports.  According to SSA, attachments or exhibits to the reports, as well as the data on which Dr. Killeen's conclusions were based, may continue to be withheld.  SSA also claims that Dr. Killeen need not produce these materials because the information they contain is allegedly confidential.  Yet SSA gives no reason why the Protective Order already entered by the Court does not provide sufficient safeguards to allay any of Dr. Killeen's alleged privacy concerns.

In short, stripped of its rhetoric, Defendants' Opposition amounts to nothing more than a plea that Dr. Killeen should not have to produce the attachments and other records that the Court ordered her to produce because Defendant does not want her to.  Defendant has been making this

same argument ever since Dr. Killeen was first deposed.  The argument was meritless then, was later found to be meritless by the Court, and is just as meritless now.  Dr. Killeen should either be compelled to produce the materials ordered by the Court or she should be precluded from testifying in this case.

## ARGUMENT

### A. THE COURT'S  ORDER REQUIRES  DR. KILLEEN TO PRODUCE THE REPORTS' ATTACHMENTS, EXHIBITS AND SUPPORTING RECORDS AUTHORED BY DR. KILLEEN

In describing the scope of its order requiring the production of Dr. Killeen's reports, the Court stated that it was not requiring that Dr. Killeen produce treatment records "or anything else that will in some way allow you to extrapolate her opinion on the subject."  Instead, the Court was limiting production to those records that Dr. Killeen authored that related to her opinion.  As the Court clearly stated "if [Dr. Killeen] wrote it down, [Plaintiffs] get it":

> Basically, if she wrote up a report where she was talking about the methodology for discerning post-traumatic stress or something else that is relevant to this case, fine you get the report but I am not allowing you to go in and get treatment records or anything else that will in some way allow you to extrapolate her opinion on the subject. If she wrote it down you get it.[1]

Thus, the Court's Order clearly required production of the materials that are the subject of Plaintiff's motion.  As such, Dr. Killeen should be ordered to produce such documents as soon as possible.

---

[1] Judge Day's instructions, Oct. 10, 2004 Telephonic Conference at 18-19 (excerpted Def.'s Br. Ex. 1, Dkt. No. 533-1).  The Court's limitation on what was required to be produced applied only to the *treatment* records of the persons who were the subject of Dr. Killeen's prior reports.  Because Dr. Killeen was not those persons' treating physician – she was an expert witness who interviewed them, administered tests to them, scored and analyzed those tests and interviews -- any treatment records would not have been "written down" by Dr. Killeen.  Conversely, the data she prepared based on her interviews and testing are not treatment records, but rather are records that she "wrote down" and thus under the Court's order must be produced.

Production is also required as a matter of fundamental fairness.  Dr. Killeen has criticized Dr. Jones' administration and interpretation of certain psychological tests that he performed in reaching his diagnoses that Plaintiffs suffered from PTSD.  By so doing, Dr. Killeen put in issue the methodology and procedures that she employs when attempting to diagnose the existence of PTSD.

In reaching her conclusions about Dr. Jones, Dr. Killeen examined all the records that Dr. Jones considered in preparing his opinions including his analyses and clinical notes.  SSA should not be allowed to shield this same type of information relating to Dr. Killeen's diagnoses and thereby prevent Plaintiffs from examining the legitimacy of Dr. Killeen's complaints about Plaintiffs' expert.

For example, if the withheld information showed that Dr. Killeen performed analyses and tests similar to those used by Dr. Jones, that would cast doubt on the credibility of her assertions that Dr. Jones' analyses were flawed.  Plaintiffs are entitled to have this information so that they can adequately critique Dr. Killeen's opinions.  Thus, consistent with the Court's Order, such materials should be produced to Plaintiffs.

**B. THE PRODUCTION OF THE REQUESTED DOCUMENTS DOES NOT VIOLATE MARYLAND LAW PROTECTING THE CONFIDENTIALITY OF MEDICAL RECORDS**

SSA's argument that Maryland law prevents disclosure of the materials sought by Plaintiffs' motion to compel ignores that there is a Court Order that commands Dr. Killeen to produce the documents she prepared to formulate her opinions.  While Maryland may provide protection for the materials at issue under appropriate circumstances, the law is clear that such materials must be produced if there is a court order requiring their disclosure.  *See* MD. HEALTH-GEN. § 4-306(b)(6)(i)(3) (West 2011) (allowing disclosure of records to parties other than the

patient if "the health care provider receives … a copy of an order entered by a court expressly authorizing disclosure of the designated medical records").

Here, there already is a protective order in place that will restrict disclosure of the information solely to this litigation.  Defendant has offered no reason why that order is not adequate to satisfy Dr. Killeen's alleged privacy concerns. Accordingly, the Court should reject Defendant's confidentiality arguments and order production of the requested documents.  Prior to production, Defendant may to designate for coverage by the Protective Order those documents that it believes are entitled to protection.[2]

## **CONCLUSION**

For all of the foregoing reasons, Plaintiffs respectfully request that the Court grant its motion and compel Defendant to provide a listing of all records and attachments related to the selected prior expert reports of Dr. Killeen, and to produce those records and attachments that contain her notes, test scoring, analyses, and  interpretations,  or alternatively, to preclude her from testifying at trial.

---

[2] Defendant's arguments about why "raw data" should not be produced ignores that Maryland law would permit these materials to be released to Plaintiffs' expert Dr. Jones.  (*See* Md. Health-Gen. § 4-307(c) (allowing disclosure of raw test data to qualified healthcare experts).)

Respectfully Submitted

By: ___/s/_____ Steven H. Schulman_____
Steven H. Schulman (Bar No. 17144)
sschulman@akingump.com
Jeffrey M. King (Bar No. 18287)
jking@akingump.com
Larry E. Tanenbaum (Bar No. 17988)
ltanenbaum@akingump.com
Joseph L. Decker (admitted *pro hac vice*)
jdecker@akingump.com
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Tel: (202) 887-4000
Fax: (202) 887-4288

Isabelle M. Thabault (Bar No. 16600)
isabelle_thabault@washlaw.org
Washington Lawyers' Committee
for Civil Rights and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 319-1000
Fax: (202) 319-1010

Attorneys for Plaintiffs

Dated: February 21, 2012