IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | |
|---|---|
| JOSEPH ANTONIO, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. AW-05-2982 |
| ) | |
| SECURITY SERVICES OF AMERICA, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**SSA SECURITY, INC.'S REPLY TO PLAINTIFFS'
MOTION TO DISMISS INDIVIDUAL
<u>DEFENDANT JEREMY D. PARADY WITH PREJUDICE</u>**

SSA Security, Inc. ("SSA") files this reply to Plaintiffs' Motion to Dismiss individual Defendant Jeremy D. Parady With Prejudice. SSA has no opposition to the dismissal of Mr. Parady, recently granted by this Court.[1]. SSA has concerns similar to those previously raised as to other dismissed Individual Defendants. Although this particular motion was not accompanied by a Consent Decree, as was the case with Individual Defendants Everhart, McCann and Walsh, to the extent Plaintiffs plan to call Mr. Parady to testify at the negligence trial between Plaintiffs Rookard and Potts and SSA, SSA provisionally notes its objection. SSA previously filed Provisional Objections to those Consent Decrees at Dkts. 511 and 522. As with Messrs. Walsh, McCann and Everhart, Mr. Parady was never employed by SSA and had no relationship with the company. Notwithstanding, this fact, in opposing SSA's Motion for a Separate Trial, Plaintiffs argued that "Jeremy Parady will be a key witness against SSA" as he served as "the look-out for the conspirators . . . to make sure that no SSA guard confronted the arsonists or reported the fires." Dkt. 517, Plaintiffs' Memorandum at 6.  Mr.

---

[1] The motion was filed on February 29, 2012 (Dkt. 545) and this Court granted the motion on March 1 (Dkt. 546).

Parady never worked for SSA and no evidence was cited that suggests that Mr. Parady has admissible evidence on the negligence claims. Indeed, as pointed out in SSA's reply brief, he did not even know Mr. Speed ever worked at Hunters Brooke before the arson. See 12/3/08 Dep. of D. Parady at 25 attached as Ex. 1 ("I wasn't aware he worked in the neighborhood, no."). There are no allegations that SSA was a co-conspirator with the Individual Defendants.

This Court addressed the Provisional Objections in the Order granting SSA's Motion for Separate Trial., see Dkt. 523, and ruled as follows:

> The Court will briefly address SSA's provisional objections to the consent decrees entered into between Plaintiffs and Individual Defendants Walsh, McCann, and Everhart. *See* Doc. Nos. 511, 522. Particularly, the consent decrees provide that these individuals "will, if requested, meet with Plaintiffs' counsel . . . and answer truthfully . . . any questions related to this Action posed by Plaintiffs' counsel" and will "appear to testify at any trial in the Action." Doc. Nos. 510, 518, 519. As an initial matter, it is unclear whether Plaintiffs seek to use the testimony of these individuals in the trial against SSA, or merely in the trial against Individual Defendants. SSA objects to any testimony by these Defendants on the remaining negligence-based claims against SSA, and requests that if the Court deems these individuals' testimony admissible against it, that it be entitled to discovery depositions. As SSA notes, this issue may be moot now that the trial is bifurcated, assuming that these individuals' testimony is relevant only in the trial against the remaining individual Defendants. However, to the extent that Walsh, McCann, and Everhart provide Plaintiffs, counsel with new testimony relevant to Rookard and Potts' claims against SSA that the Court deems admissible.[1]
>
> ---
>
> [1] The Court cannot make an admissibility determination at this time since it is unclear what evidence these individuals may reveal that would be relevant to Rookard and Potts' negligence claims against SSA. The Court notes that it is unclear how such testimony would be relevant, give that none of the individuals had any relationship with SSA

In light of the arguments made in opposition to the motion for separate trial, Plaintiffs may call Mr. Parady to testify, therefore, SSA requests the same relief as to Mr. Parady.

Finally, SSA reserves the right to supplement its objections to any testimony by Mr. Parady if Plaintiffs indeed intend to call him at trial. SSA has a number of additional objections applicable

to any testimony by Mr. Parady. By way of example and as noted in SSA's Reply to Memorandum in Opposition to Motion for a Separate Trial at Dkt. 521,

> [T[he only way to infuse the race issue into the case against SSA is by leaving Mr. Parady in the case. The Parady plea agreement is the only agreement that references race and Mr. Parady testified about raced-based statements he attributed to Mr. Speed in his deposition. However, Mr. Parady also testified to telling numerous lies about the arson including, for example, identifying numerous persons as participants who did not participate, providing a false alibi as to his location on the night of the fire, and admitting lies about racist statements he attributed to Aaron Speed. Ex. 1 at 70-77. As is clearly evidenced by past testimony, and as admitted by Mr. Parady, under oath, he is a pathological liar. Trial testimony of D. Parady of 8/26/05 at 623-24, attached as Ex. 2.

SSA's objections are not limited to the above; however, this demonstrates some of the many potential issues if Mr. Parady is a witness.

Dated: March 2, 2012                    Respectfully submitted,

**SSA SECURITY, INC., D/B/A SECURITY SERVICES OF AMERICA**

_____/s/_____
Gerry H. Tostanoski (Federal Bar No.07382)
Scott A. Thomas (Federal Bar No. 11692)
Tydings & Rosenberg LLP
100 East Pratt Street, 26th Floor
Baltimore, MD 21202
Telephone: (410) 752-9761
Fax: (410) 727-5460

and

Kevin L. Keller (*admitted pro hac vice*)
Joseph P. Moriarty (*admitted pro hac vice*)
WILLCOX & SAVAGE, P.C.
Wells Fargo Center
440 Monticello Avenue, Suite 2200
Norfolk, Virginia 23510
Telephone: (757) 628-5500
Facsimile: (757) 628-5566

*Counsel for Defendant*
SSA Security, Inc.