IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | |
|---|---|
| JOSEPH ANTONIO, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. AW-05-2982 |
| ) | |
| SECURITY SERVICES OF AMERICA, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTION FOR LEAVE
TO TAKE DEPOSITION OF WILLIAM FITZPATRICK
TO PRESERVE TESTIMONY AND FOR USE AT TRIAL**

In its opposition to Plaintiffs' request to preserve the trial testimony of William Fitzpatrick, the SSA guard assigned to the security post at Hunters Brooke the evening of the fires, Defendant SSA concedes that Mr. Fitzpatrick, who lives in Kansas, has continuously been on the Plaintiffs' witness list and yet SSA failed to depose him. SSA suggests, without any explanation, that it apparently did not take Plaintiffs' witness list seriously, and argues that had SSA believed that Mr. Fitzpatrick would actually be called to testify that SSA would have taken his deposition.

Plaintiffs seek not to re-open discovery, but rather to preserve Mr. Fitzpatrick's trial testimony since he has indicated he is unavailable to travel to Maryland for trial. Defendant cites no authority for the illogical proposition that a party that elects not to take a *discovery* deposition

1

should be barred from taking a *trial* deposition in order to preserve the testimony of a witness unable to appear before the jury.[1]

Indeed, Defendant's own inconsistent statements expose the fallacy of its logic, by turns admitting that Mr. Fitzpatrick was listed as a trial witness and admitting it failed to make any efforts to take his deposition.  *Compare* Def. Br. at 2 ("Throughout discovery, SSA took the position that it intended to depose any witness who may be called at trial.") *with id.* at 4 ("Depositions were taken of everyone on Plaintiffs' [trial] witness list, with the exception of Mr. Fitzpatrick and various federal investigators…. There was no discussion of Mr. Fitzpatrick or a trip to Kansas for his deposition.") *and id. at* 1-2 ("Had SSA known that Mr. Fitzpatrick would actually be called at trial, similar arrangements would have been made to conduct his deposition.").  Defendant continues this illogic by blaming *Plaintiffs* for failing to notice the discovery deposition of Mr. Fitzpatrick that *Defendant* now regrets it did not take: "SSA concedes that Mr. Fitzpatrick is a known witness and has appeared on various witness lists; however, he was never offered for a deposition by plaintiffs, nor was he the subject of a

---

[1] SSA ignores the difference between a discovery deposition and a *de bene esse* deposition.  When a witness becomes unavailable for trial, most federal courts grant *de bene esse* depositions when fairness dictates, regardless of whether a discovery deposition was taken.  *See Lucas v. Pactiv Corp.*, C.A. No. 08-cv-00079, 2009 WL 5197838 at *4 (W.D. Va., Dec. 22, 2009) (applying a "federal common law distinction between discovery depositions" and "trial depositions" and finding it appropriate to allow a *de bene esse* deposition after discovery had closed); *Bouygues Telecom, S.A. v. Tekelec, Inc.,* 238 F.R.D. 413, 414 (E.D.N.C.2006) ("There is a basic difference between discovery and *de bene esse* depositions.  The purpose of a discovery deposition is to discover information; the purpose of a *de bene esse* deposition is to preserve testimony for trial"); *The Neighbors Law Firm, P.C. v. Highland Capital Management, L.P.*, C.A. No. 09-CV-352, 2011 WL 649925 at *3 (E.D. N.C., Feb. 10, 2011) (allowing *de bene esse* deposition of otherwise unavailable key witness to be scheduled two weeks before trial).

SSA provides no support for its alternative argument that fairness dictates that SSA should be allowed to take a *discovery* deposition of Mr. Fitzpatrick the day before his *de bene esse* deposition.  SSA's argument fails because Plaintiffs timely (and repeatedly) disclosed Mr. Fitzpatrick as a trial witness.  Pursuant to all agreements between the parties (and even SSA's recollection of Judge Day's directive), SSA had ample opportunity to depose Mr. Fitzpatrick before the close of discovery.  SSA opted not to depose Mr. Fitzpatrick.  Had Mr. Fitzpatrick appeared for trial SSA, like the Plaintiffs, would have had only one examination of Mr. Fitzpatrick.  It simply does not follow that the standard of fairness that supports preserving the trial testimony of a disclosed witness who is unavailable for trial, would allow an opposing party to reopen discovery to regain an advantage the same party eschewed during discovery (by not deposing Mr. Fitzpatrick when SSA easily could have done so.)

subpoena in the instant case." *Id.* at 4.  SSA never provides any basis that would have required Plaintiffs to "offer" SSA's own former employee for a deposition by his former employer.

SSA now argues that if it fails in its argument to ban Mr. Fitzpatrick's testimony, SSA should instead be entitled to reopen discovery and depose Mr. Fitzpatrick 3 1/2 years after he was named on Plaintiffs' witness list and his declaration produced in discovery.  As SSA concedes in its opposition brief, Mr. Fitzpatrick has been known to all parties in this case since before it was even filed.  Defendant will have the opportunity to cross examine Mr. Fitzpatrick after his direct testimony, just as it would with any witness.

Without any legal authority for its position, Defendant also argues the cost involved in procuring Mr. Fitzpatrick's trial testimony in Kansas would be a burden. This argument is likewise hollow.  In the context of this protracted litigation, the additional cost of a trip to Kansas is not significant for Defendant when compared to the length Defendant has gone to litigate this case.  Moreover, the cost and burden would have been the same had SSA made the effort during the lengthy discovery period to depose Mr. Fitzpatrick, their own former employee.  There is no new or additional burden to Defendant.

In short, Defendant chose how to conduct its discovery and now seeks to shift the consequences for the choices it made as to whom to depose and whom not to depose.  The Court should grant the non-discovery request made by Plaintiffs to take Mr. Fitzpatrick's *de bene esse* testimony for trial because there is no dispute that he is beyond this Court's subpoena power, and should deny Defendant's exceedingly out-of-time request for a discovery deposition of Mr. Fitzpatrick.

## **CONCLUSION**

For all of the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion to take and preserve Mr. Fitzpatrick's testimony for trial.

> Respectfully Submitted
>
> By: __/s/____Steven H. Schulman_____
> Steven H. Schulman (Bar No. 17144)
> sschulman@akingump.com
> Jeffrey M. King (Bar No. 18287)
> jking@akingump.com
> Larry E. Tanenbaum (Bar No. 17988)
> ltanenbaum@akingump.com
> Joseph L. Decker (admitted *pro hac vice*)
> jdecker@akingump.com
> Akin Gump Strauss Hauer & Feld LLP
> 1333 New Hampshire Avenue, N.W.
> Washington, D.C. 20036
> Tel: (202) 887-4000
> Fax: (202) 887-4288
>
> Isabelle M. Thabault (Bar No. 16600)
> isabelle_thabault@washlaw.org
> Washington Lawyers' Committee
> for Civil Rights and Urban Affairs
> 11 Dupont Circle, N.W., Suite 400
> Washington, D.C. 20036
> Tel: (202) 319-1000
> Fax: (202) 319-1010
>
> Attorneys for Plaintiffs

Dated: March 7, 2012