IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | |
|---|---|
| JOSEPH ANTONIO, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. AW-05-2982 |
| ) | |
| SECURITY SERVICES OF AMERICA, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

_____

**SSA SECURITY, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO FEDERAL
RULE OF CIVIL PROCEDURE 54(b) AND PLAINTIFFS' MOTION
FOR STAY OF AARON SPEED'S TRIAL PENDING APPEAL**

_____

Defendant, SSA Security, Inc., d/b/a Security Services of America ("SSA"), by counsel, respectfully files this Memorandum in Opposition to Plaintiffs' Motion for Entry of Final Judgment pursuant to Federal Rule of Civil Procedure 54(b) and Plaintiffs' Motion for Stay of Aaron Speed's Trial Pending Appeal.

**PROCEDURAL HISTORY AND PRELIMINARY STATEMENT**

The plaintiffs' claims asserted in this lawsuit arise from arson of a residential sub-division, called Hunters Brooke that occurred almost eight years ago on December 6, 2004. The original Complaint was filed in 2005. As a result of this Honorable Court's Memorandum Opinion and Order of March 31, 2010 (Dkt. Nos. 414 and 415) and Memorandum Opinion and Order dated August 30, 2011 (Dkt. No. 500), this Court granted SSA's motion for summary judgment as to 30 of the 32 plaintiffs. This Court dismissed the plaintiffs' civil rights and intentional tort claims against SSA because Mr. Speed's alleged acts in furtherance of a criminal

conspiracy to commit arson were outside the scope of his employment with SSA. See Memorandum Opinion, dated March 31, 2010, at pg. 51 (Dkt. No. 415) ("Because neither SSA, Inc. nor any employee acting within the scope of employment acted with the necessary intent or racial animus, and no other basis of vicarious liability applies, the Court granted [SSA, Inc.'s] summary judgment on [the civil rights and intentional tort claims]."). Further, this Court dismissed the plaintiffs' negligence-based claims against SSA of the 30 plaintiffs that neither lived in Hunters Brooke at the time of the arson nor owned property there. See Memorandum Opinion, dated, August 30, 2011, at pg. 9-10 (Dkt. No. 500) (holding that the 30 plaintiffs were not within the "zone of damage" and did not suffer "property damage."). Only the negligence-based claims against SSA of plaintiffs Terri Rookard and Derrick Potts, the two plaintiffs that resided in Hunters Brooke on the night of the fire, survived summary judgment. Id. at pg. 11-12. Plaintiffs Rookard and Potts' negligence-based claims only survived as to SSA's potential vicarious liability for William Fitzpatrick's alleged early departure from his post. See Memorandum Opinion, dated March 31, 2010, at pg. 25-27, 51 (Dkt. No. 415).

Thereafter, the Court set plaintiffs Rookard and Potts' claims against SSA for trial in April and then later July 2012. SSA filed a motion for a separate trial. See Dkt. No. 503. In response to this motion, Plaintiffs began the process of dismissing each individual defendant with consent orders with the exception of Mr. Speed. All 32 plaintiffs entered into Consent Orders dismissing their claims against four of the five Individual Defendants. The Court granted the motion for separate trial on December 29, 2012. See Dkt. No. 523. Prior to the July trial date, SSA and Plaintiffs Rookard and Potts resolved their differences. See Paperless Order granting Consent Motion to Dismiss plaintiffs claims with prejudice, dated July 6, 2012 (Dkt. No. 564).

There are currently no claims as to SSA pending in this Court. Conversely, all of the plaintiffs have the following civil rights and intentional tort claims pending against Mr. Speed: (1) Count I (Fair Housing Act), (2) Count III (42 U.S.C. § 1982), (3) Count IV (42 U.S.C. § 1985(3)), (4) Count IX (Tortious Interference with Contract), and (5) Count X (Intentional Infliction of Emotional Distress). Plaintiffs seek to stay this almost seven year old litigation against Mr. Speed and proceed directly to appeal in the hopes of prevailing against SSA and returning to this Court for a joint trial of Mr. Speed versus 32 plaintiffs and SSA versus 30 plaintiffs. In addition to the Counts cited above, Plaintiffs filed suit against SSA (and two other corporate entities) in Count VI (Maryland Business Occupations Code) and Counts V and VI (state-law based negligence claims). None of these three counts are pending as to Mr. Speed. Accordingly, for there to be any common claims between Mr. Speed and SSA for trial after an appeal, the plaintiffs must succeed on overturning this Court's summary judgment ruling that that SSA is not liable for the civil rights and intentional tort claims. If the Plaintiffs fail there, but succeed on any of the negligence counts, the parties are in the same place as when this Court granted the motion for separate trial. See Dkt. No. 523.

Plaintiffs admit that trial against Mr. Speed will be costly and that they will not pursue their claims as to Mr. Speed if they do not prevail in the appeal against SSA. See Dkt. No. 566-1 at 8. This is completely consistent with previous observations of this Court. In granting SSA's motion for separate trial, this Court observed that "it may ultimately prove the most efficient course for the Parties and the Court. Given that the Individual Defendants are likely judgment-proof, Plaintiffs have little incentive too spend excessive time or expense litigating their clams against Individual Defendants in a separate trial." Dkt. No. 523 at 3.

**ARGUMENT AND AUTHORITY**

I. **The Court Should Deny Plaintiffs' Motion For Rule 56(b) Certification Of Plaintiffs' Dismissed Claims Against SSA.**

The burden is on the party seeking Rule 54(b) certification to demonstrate that the case warrants certification. Braswell Shipyards, Inc. v. Beazer East, Inc., 2 F.3d 1331, 1335 (4th Cir. 1993) (citations omitted). "The chief purpose of Rule 54(b) certification is to prevent piecemeal appeals when multiple claims are resolved in the course of a single lawsuit." Id. (citing Fed. R. Civ. P. 54(b)). "The Rule also allows the district court to provide relief to litigants that would suffer ***undue hardship*** if final judgment is not entered on the adjudicated claim prior to the resolution of the unadjudicated claims." Id. (emphasis added). "Rule 54(b) certification is recognized as the exception rather than the norm." Id. The Fourth Circuit has cited favorably to Judge (now Justice) Kennedy's observation:

> Judgments under Rule 54(b) must be reserved for the ***unusual case*** in which the costs and risks of multiplying the number of proceedings and overcrowding the appellate docket are outbalanced by ***pressing needs*** of the litigants for an early and separate judgment as to some claims or parties.

Id. (quoting Morrison-Knudsen Co. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981)) (emphasis added). Further, the Fourth Circuit noted that Rule 54(b) certification should not be an accommodation to counsel. Braswell, 1 F.3d at 1335 (citing Corrosioneering v. Thyssen Environmental Systems, 807 F.2d 1279, 1282 (6th Cir. 1986) (citations omitted)).

Before the district court may make a finding of finality, Rule 54(b) requires that there be "no just reason for delay" in the entry of judgment. See Fed. R. Civ. P. 54(b).[1] "In other words,

---

[1] The grant of summary judgment in favor of SSA dismissing the 30 plaintiffs' claims against SSA constitutes a final judgment. Thus, the remaining question is whether "there is no just reason for delay." Fed. R. Civ. P. 54(b).

there must be some danger of hardship or injustice through delay which would be alleviated by immediate appeal." Campbell v. Westmoreland Farm, Inc., 403 F.2d 939 (2d Cir. 1968). In determining whether there is no just reason for delay, the court must exercise its discretion "'in the interest of sound judicial administration'" and consider the equities involved. Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 8 (1980) (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 437 (1956)). Factors the district court should consider, if applicable, include:

(1) the relationship between the adjudicated and unadjudicated claims;

(2) the possibility that the need for review might or might not be mooted by future developments in the district court;

(3) the possibility that the reviewing court might be obliged to consider the same issue a second time;

(4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; [and]

(5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

Braswell, 2 F.3d at 1335-36 (citing Allis-Chambers Corp. v. Philadelphia Electric Co., 521 F.2d 360, 364 (3d Cir. 1975)). This inquiry is "'titled from the start against fragmentation of appeals.'" Braswell, 2 F.3d at 1335 (quoting Spiegel v. Trustees of Tufts College, 843 F.2d 38, 43 (1st Cir. 1988)). Furthermore, as the Supreme Court has cautioned, Rule 54(b) certification is not something to be granted lightly, but a "remedy [that] should be reserved for the *infrequent harsh case*." Curtiss-Wright, 446 U.S. at 5 (emphasis added).

In the instant case, the plaintiffs have failed to show the required pressing need for an immediate appeal of the dismissed claims against SSA. The plaintiffs would not suffer undue hardship if final judgment is not entered on the adjudicated claims against SSA prior to the resolution of the unadjudicated claims against Mr. Speed. If the plaintiffs are successful in

overturning on appeal this Court's summary judgment rulings, and they have dismissed their claims against Mr. Speed, then the plaintiffs are still not prejudiced in the case against SSA. The plaintiffs can still subpoena Mr. Speed[2] to appear at trial as a witness, which is precisely the plaintiffs' intention for the other Individual Defendants that the plaintiffs have voluntarily dismissed as party-defendants. Conversely, depending on the outcome of the appeal, SSA may very well be prejudiced by a joint trial.

This is not a situation, or an infrequent harsh case, where the plaintiffs' recovery would be jeopardized or prejudiced if they had to await trial of the case against Mr. Speed before appealing the summary judgment ruling dismissing the plaintiffs' case against SSA. In fact, the plaintiffs do not hide the reason why they are asking for Rule 54(b) certification to appeal the dismissed claims against SSA and to stay the proceedings against Mr. Speed pending that appeal. In the instant motion, the plaintiffs concede that they have absolutely no interest in trying the claims against Mr. Speed unless they are tried together with the dismissed claims against SSA. See Dkt. No. 566-1 at 8 ("if the Plaintiffs lose the appeal on the issues of scope of employment or the interpretation of the Maryland statute, Plaintiffs will be forced, by financial realties, to dismiss the remaining claims against Speed"). This illustrates that the only reason the plaintiffs would even try the case against Mr. Speed -- who is no doubt judgment proof in light of the multi-million dollar order of criminal restitution ahead of any civil verdict -- is to inflame the jury and inflate a potential verdict as to SSA, the only financially solvent defendant. Why else would the plaintiffs even want to try the case against Mr. Speed while essentially dismissing the cases against the other Individual Defendants, Messrs. Parady, Everhart, McCann and Walsh? Rule 54(b) certification was not intended to accommodate the plaintiff's counsel's trial strategy.

---

[2] Mr. Speed has been deposed in this case and refused to answer any questions related to the arson and instead invoked his Fifth Amendment privilege.

See, e.g., Braswell, 1 F.3d at 1335; Corrosioneering, 807 F.2d at 1282 (6th Cir. 1986); Campbell, 403 F.2d at 942; Panichella v. Pennsylvania Railroad Co., 252 F.2d 452, 454 (3d Cir. 1958); Solomon v. Aetna Life Ins. Co., 782 F.2d 58, 59-60 (6th Cir. 1986). This is not the infrequent harsh case that requires this Court to apply the exception from the norm and certify judgment and stay the separate claims against another party pending appeal.[3]

### A. The Court Should Deny Plaintiffs' Motion To Stay The Proceedings Against Speed Pending Appeal.

There is no pressing need to justify staying the plaintiffs' trial against Mr. Speed. "A stay is not a matter of right." Nken v. Holder, 556 U.S. 418 (2009). A stay is "an exercise of judicial discretion," and its issuance depends "upon the circumstances of the particular case." Id. (citing Hilton v. Braunskill, 481 U.S. 770, 776 (1987)). The party seeking a stay bears the burden to show "that the circumstances justify an exercise of that discretion." Id. (citing Clinton v. Jones, 520 U.S. 681, 708 (1997)); Landis v. N.Am. Co., 299 U.S. 248, 255 (1936). Before granting a stay, a court must be satisfied that a pressing need exists, and that need outweighs any possible harm to the interests of the non-moving party. Id. at 255. Here, the plaintiffs admit that they have no interest in proceeding on the claims against Mr. Speed alone -- who is judgment proof -- unless they are able to somehow use the claims against Mr. Speed to some advantage in the plaintiffs' currently-dismissed claims against SSA. This is not a legitimate reason to stay the proceedings against Mr. Speed, who has had these civil claims pending in this Court longer than his incarceration for the criminal conviction. If the plaintiffs truly have no interest in proceeding

---

[3] Plaintiffs' reliance on Transpacific Tire & Wheel, Inc. v. Ortek International Inc. is misplaced. See Dkt. No. 566-1 at 8. In that case Judge Chasanow granted a joint motion for final judgment. The Court previously granted summary judgment -- including money damages -- and the parties agreed that the money awarded equaled the full amount of compensatory damages. Accordingly, the Court agreed to permit dismissal without prejudice subject to reinstatement in the event the summary judgment order was overturned on appeal. This case is not factually similar. Here there is no joint motion and there are open claims as to another defendant.

against Mr. Speed alone, then the plaintiffs should voluntarily dismiss the claims against Mr. Speed just like they did for the other four Individual Defendants and proceed with the appeal against SSA.

## CONCLUSION

For the foregoing reasons, SSA asks that this Court deny the plaintiffs' Motions for entry of final judgment as to SSA and to stay the proceedings as to Mr. Speed.  It is clear that Plaintiffs' interest in retaining Mr. Speed as a defendant, with no realistic hope of financial recovery, relates to nothing other than utilizing Mr. Speed as pawn to curry jury favor and recover money from SSA should they succeed on appeal.  The Plaintiffs have every right to appeal their verdict as to SSA once there is a final resolution of all claims in the case.  It is not known how the appeal will end, but if Plaintiffs are successful on some or all of their claims, it is likely that SSA will once again file a motion for separate trial.  At a minimum, SSA will move for Rookard and Potts to be severed in light of the prior settlement with SSA and the material differences between them (residents/owners present at the time of the fire) versus  the other 30 Plaintiffs who did not own the properties and were not at the site at the time of the fire.  Plaintiffs should go forward with any trial as to Mr. Speed or dismiss those claims and go forward with an appeal as to SSA.

Dated:  September 28, 2012					Respectfully submitted,

							SSA SECURITY, INC., D/B/A SECURITY
							SERVICES OF AMERICA

							_____/s/_____
							Gerry H. Tostanoski (Federal Bar No.07382)
							Scott A. Thomas (Federal Bar No. 11692)
							Tydings & Rosenberg LLP
							100 East Pratt Street, 26th Floor
							Baltimore, MD 21202
							Telephone:  (410) 752-9761
							Fax:  (410) 727-5460

and

Kevin L. Keller (*admitted pro hac vice*)
Joseph P. Moriarty (*admitted pro hac vice*)
WILLCOX & SAVAGE, P.C.
Wells Fargo Center
440 Monticello Avenue, Suite 2200
Norfolk, Virginia  23510
Telephone:  (757) 628-5500
Facsimile:   (757) 628-5566

***Counsel for Defendant***
***SSA Security, Inc.***