**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)**

| | |
|---|---|
| JOSEPH ANTONIO, *et al.*, | ) |
| Plaintiffs, | ) |
| vs. | ) Case No.: AW-05-2982 |
| SECURITY SERVICES OF AMERICA, LLC, *et al.*, | ) |
| Defendants. | ) |

**AARON SPEED'S OPPOSITION TO
PLAINTIFFS' MOTION FOR STAY OF TRIAL PENDING APPEAL**

Defendant Aaron Speed ("Mr. Speed"), by his undersigned attorneys, submits this Opposition to Motion for Stay of Aaron Speed's Trial Pending Appeal ("Plaintiffs' Motion").[1] For the reasons set forth below, Plaintiffs' Motion should be denied.

**INTRODUCTION**

Plaintiffs' requested stay will unnecessarily delay the proceedings against, and impose hardship to, Mr. Speed. This case has already been pending on the Court's docket for seven years, and, last year, the Court severed the claims against Mr. Speed from the proceedings against SSA.

Plaintiffs' judicial economy and cost-saving arguments are superficial given their litigation conduct thus far.[2] Plaintiffs' attempt to avoid the costs of dual litigation is antithetical to their representation that they have no interest in pursuing a claim against Mr. Speed. (*See* Pls.'

---

[1] Plaintiffs filed the Motion in a document titled "Motion for Entry of Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b) and Motion for Stay of Aaron Speed's Trial Pending Appeal." Mr. Speed takes no position with regard to Plaintiffs' Motion for Entry of Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b) as that issue previously was bifurcated from the claims against him.

[2] In their letters to defense counsel pursuant Appendix B, Rule 1(c), counsel for the Plaintiffs have repeatedly shown a willingness to spend hundred of thousands of dollars in attorneys' fee per quarter and have incurred well over a million dollars in fees during the pendency of this litigation.

Mem. Supp. Mot. at pp. 8, 9). If Plaintiffs legitimately wanted to avoid a "waste of substantial judicial and private resources," they would have dismissed the severed claims against Mr. Speed upon concluding that he was judgment proof. *Id*. at p. 11. Instead, they have maintained Mr. Speed as a named party merely to circumvent potential, and hypothetical, hearsay concerns in the event an appellate Court reverses the earlier dismissal of claims against SSA and remands the case for trial.[3] As demonstrated below, the requested stay causes hardship to Mr. Speed – yet Plaintiffs face no hardship of their own beyond the costs of litigating against an insolvent individual, a lawsuit they chose to pursue. Moreover, Plaintiffs claims against Mr. Speed are neither legally nor factually dependent up on the outcome of a lengthy appeal, making the Plaintiffs' request for a stay completely self-serving.

## STATEMENT OF LAW

Federal Rule of Civil Procedure 42(a)(3) allows this Court to "issue any orders to avoid unnecessary cost or delay." The Court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). This determination "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254 (citing *Kansas City Southern v. United States*, 282 U.S. 760, 763 (1931); *Enelow v. New York Life Ins. Co.*, 293 U.S. 379, 382 (1935)). "In striking this balance, courts look to factors such as the length of the requested stay,

---

[3] The Court has also questioned the legitimacy of Plaintiffs' refusal to dismiss Aaron Speed because of hearsay concerns. In granting the Bifurcation Order, the Court observed that "it strikes the Court as unlikely that Plaintiffs would undergo the time and expense of trying two insolvent defendants other than for the purpose of introducing evidence at a trial involving SSA that would not otherwise be admissible." Dec. 29, 2011 Order at p. 3 (Dkt. No. 523) (referring to the prejudicial effect of trying SSA's negligence defense alongside claims against individual defendants for intentional torts and civil rights violations). Even if this prejudice will be cleansed through appeal, as Plaintiffs suggest, the Court's suspicion should remain. Plaintiffs continue to target the insolvent party because their concern for subpoenaing Mr. Speed as a non-party witness, if they dismiss him, has replaced their interest in actually litigating against him.

the hardship that [] the movant would face if the motion were denied, the burden a stay would impose on the nonmovant, and whether the stay would promote judicial economy by avoiding duplicative litigation." *In re Mutual Funds Inv. Litigation (Zuber v. Putnam Inv. Mgmt. LLC)*, JFM -04-546, 2011 BL 107736 at *2 (D.Md. Apr. 20, 2011) (listing cases). Finally, "the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis v. N. Am. Co.*, 299 U.S. at 255.

## ARGUMENT

### I. THE LENGTH OF THIS STAY WOULD CAUSE UNDUE DELAY AND HARDSHIP TO MR. SPEED.

The instant litigation is about to begin its eighth year on this Court's docket. The civil action against Aaron Speed began November 2, 2005. Since that time, Mr. Speed (who pled guilty to conspiracy to commit arson[4]) was sentenced to serve over eight years in federal prison, served his time, and was released.

Mr. Speed wants to bring this chapter to a close, put this entire matter behind him, and begin a fresh start. Plaintiffs' Motion to stay the claims against Mr. Speed will cause undue delay in his ability to do so. Plaintiffs' motion is particularly disconcerting because they have no expectation or desire for further civil remedies against Mr. Speed. For all intents and purposes, his ability to satisfy the criminal aspects of this case has been exhausted, and his financial situation makes the civil aspects of this case moot. He is judgment proof due to a multi-million dollar restitution order against him. Years of incarceration have not improved his ability to pay the restitution or any subsequent civil judgment. Indeed, the prospect of this individual plaintiff satisfying a judgment resulting from Plaintiffs' action has never been the true agenda of the

---

[4] Contrary to Plaintiffs' assertion, Mr. Speed did not plead guilty to committing arson.

3

pending lawsuit. Yet he remains ensnared, and must defend against damages that he can never pay.

Plaintiffs seek to stay this trial, pending resolution of a yet-to-be-filed appeal, in the hope: a) that the Court of Appeals will reverse this Court's Order dismissing their claims against the only defendants who could pay a judgment and remand the matter for trial and b) that this Court will undo its Bifurcation Order and return Mr. Speed as a party to the consolidated litigation. Like all litigants, Mr. Speed deserves a timely and fair trial. Plaintiffs' stay request undermines that ability. Moreover, Plaintiffs' rationale for retaining Mr. Speed as a party does not warrant further delaying Mr. Speed's trial.

The potential appeal to the Fourth Circuit will likely extend this eight-year old case until at least 2014, if not later. Indeed, as this Court acknowledged, there are truly complex issues and novel questions involved in the claims against SSA. *See Antonio v. Security Services of America, LLC*, 701 F. Supp. 2d 749, 757 (D.Md. 2010). Due to these complexities, it is likely that the losing party on appeal will petition the Supreme Court of the United States for *certiorari*. Such a prospect makes it probable that Mr. Speed will be forced to watch from the sidelines for several more years, extending this civil action against a judgment-proof defendant beyond a decade of protracted litigation.[5] Moreover, Mr. Speed must await resolution of an appeal which in *no way* changes the law or facts as they relate to *his* liability. That is hardly timely or fair to a litigant against whom the Plaintiffs do not even feign interest in a civil award.

In addition, the very decision cited by Plaintiffs concluded that a stay pending appeal to the Court of Appeals and Supreme Court was "immoderate" in duration. (*Landis*, 299 U.S. at 256). The Court in *Landis* determined that a stay of other proceedings brought under the Public Utility Holding Company Act of 1935, which would continue in effect through the eventual

---

[5] Mr. Speed's counsel, who represent him pro bono, will likewise be burdened by such an extended litigation.

appeal to the Supreme Court, was an abuse of discretion. *Id*. The Court noted, "[a]lready the proceedings in the District Court have continued more than a year. With the possibility of an intermediate appeal to the Circuit Court of Appeals, a second year or even more may go by before this court will be able to pass on the Act." *Id*. In the instant case, there are already seven-plus years of litigation behind both Mr. Speed and SSA. As in *Landis*, Speed is now facing the potential for a minimum one year, and likely longer, delay before SSA's potential liability is determined; an issue which has no bearing on Mr. Speed's personal liability.

## II. PLAINTIFFS FACE NO SINCERE HARDSHIP IF THE STAY IS DENIED.

Potential hardship to the movant if their request for a stay is denied is one factor to be considered by this Court's in its analysis of whether a stay is appropriate. Indeed, according to *Landis*, if Plaintiffs' stay raises the possibility of harm to Mr. Speed, they must build a strong case concerning their own hardship. *Id*. at 255.

Here, the harm to Mr. Speed is the unnecessary protraction of his case. In addition to the harm identified above, delay will further prejudice Mr. Speed's ability to defend this lawsuit. Certain witnesses may be difficult to locate years from now. Others, including Mr. Speed, may be forgetting the details of events which transpired eight years ago, and their memories will continue to fade if this case is extended. Mr. Speed cannot effectively defend this lawsuit without the meaningful input of helpful witnesses.

Plaintiffs identify no real hardship other than litigation costs – a "hardship" they created by continuing to pursue Mr. Speed and one they can easily overcome by dismissing him, just like they did with the other individual defendants.

Plaintiffs admit that if the appeal does not favor their claims against SSA, they will drop the case against Mr. Speed. But even if the Court of Appeals reverses and remands, Mr. Speed

remains a superfluous party. The legitimacy of their fear of litigating the same issues twice is undermined because they ignore the readily available solution. While Plaintiffs may lawfully pursue any claims against Mr. Speed, they tactically determined that keeping him as a party is desirable to simplify using the subpoena-power over non-parties. Such tactics should not be deemed to establish Plaintiffs' "saved-costs" or "hardship" arguments for staying this already protracted litigation.

### III. JUDICIAL ECONOMY IS NOT A FOREGONE CONCLUSION

These cases were bifurcated in 2011 for good reason. Mr. Speed has proceeded with separate litigation for nine months under that order. We do not assume, like Plaintiffs, that an order to reconsolidate the severed claims would be so easily granted.

On remand, independent claims against SSA that do not involve Mr. Speed would remain. For example, the negligent hiring claim is one of internal corporate policy and behavior specific to SSA. Similarly, the breach of contract claim against SSA contains legal and factual theories between SSA and the Plaintiffs, not Mr. Speed. He would not be involved in that portion of the case, yet still forced to endure and attend trial as a party. Furthermore, we assume that if SSA is unsuccessful on appeal, it will continue to oppose a reconsolidation on similar grounds as those explicated in the Bifurcation Order. At the very least, this will involve additional motions practice and will delay Mr. Speed's outcome. Conversely, if these trials do remain severed after the appeal, Mr. Speed's abeyance will be rendered completely unnecessary and unjust. The ultimate reconsolidation of these claims is merely a *possibility* on remand. This mere possibility is not a convincing argument in support of judicial economy when contrasted with the hardship a stay would cause to Mr. Speed.

Finally, to reiterate the overarching concern, judicial economy is not well-served by Plaintiffs' continued insistence that Mr. Speed remain a party. Their demonstrated lack of interest in Mr. Speed's liability should weigh heavily on this Court's decision. Plaintiffs' aggressive litigation against Mr. Speed precludes them from suddenly claiming to act as the sensible movant. Prolonging Mr. Speed's involvement serves only the Plaintiffs' interest in easing their yet-to-be-established vicarious liability argument on *possible* remand, and *possible* reconsolidation.

## CONCLUSION

For the foregoing reasons, this Court should deny Plaintiffs' Motion For Stay Of Trial Pending Appeal.

Respectfully submitted,

/s/
Harold G. Belkowitz (Trial Bar No.: 013031)
Kelly M. Preteroti (Trial Bar No.: 28231)
OBER, KALER, GRIMES & SHRIVER
A Professional Corporation
1401 H St., NW, Suite 500
Washington, DC 20005
(202) 408-8400 (telephone)
(202) 326-5260 (facsimile)

*Attorneys for Defendant Aaron Speed*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of October, 2012, a copy of Aaron Speed's Opposition To Plaintiffs' Motion For Stay Of Trial Pending Appeal was served on all counsel of record through the Court's CMECF System.

/s/
Kelly M. Preteroti

2551397v.1