# EXHIBIT 3

Page 1

```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
                 (SOUTHERN DIVISION)

- - - - - - - - - - - - - - - - x
JOSEPH ANTONIO, et al,          :
                                :
         Plaintiffs,            :
                                :
v.                              : Case No.
                                :
SECURITY SERVICES OF AMERICA,   : AW-05-2982
LLC, et al.,                    :
                                :
         Defendants.            :
- - - - - - - - - - - - - - - - x
```

Deposition of HAROLD JEWETT, SR.

Washington, D.C.

Thursday, January 31, 2008

9:41 a.m.


\*    \*    \*    \*


Reported by:  Okeemah S. Henderson, LSR

Page 154

1   for a second.
2       (An off the record discussion was held.)
3       A.   I didn't seek treatment.
4           BY MS. PRETEROTI:
5       Q.   So you never saw a psychologist?
6       A.   I saw a psychologist.
7       Q.   But not for --
8       A.   Not for treatment.
9       Q.   Not for treatment pertaining to issues
10  as a result of the Hunters Brooke fire?
11      A.   Trauma from the fire.  Yes.
12      Q.   So you may have seen a psychologist
13  but for other reasons having nothing to do with
14  the fire?
15      A.   Yes.  Well --
16          MS. SHEEDY:  I'm going to object.
17  We're getting into attorney/client privileged
18  territory.
19          MS. BROOK:  Can you explain that
20  objection.
21          MS. SHEEDY:  I will.  We've hired a
22  consultant in the case who is a psychologist so --

Page 155

1           MS. PRETEROTI:  I think I can phrase
2   the question to get around this.  Have you seen a
3   psychologist either but one that your attorney has
4   asked you to see as a result of the fires?
5       A.   Yes.
6           MS. SHEEDY:  Other than?
7       A.   Just what my attorney --
8           MS. PRETEROTI:  Other than your
9   attorneys.
10      A.   No.
11      Q.   So you and your wife never sought
12  psychological treatment other than through the
13  direction of your attorney?
14      A.   True.
15      Q.   Are you aware of whether all your
16  neighbors who are affected by the fire are
17  participating in this lawsuit?
18          MS. SHEEDY:  Objection.  Vague.
19      A.   Explain that.  Do I know that if other
20  people are --
21          MS. SHEEDY:  Let her rephrase the
22  question.

Page 156

1           BY MS. PRETEROTI:
2       Q.   For example, are you aware of anyone
3   whose houses were burnt down that has chosen not
4   to participate in the lawsuit?
5       A.   No.
6       Q.   So is it your understanding that
7   everybody's house who was affected by the arsons
8   is participating in this lawsuit?
9       A.   I can't answer that.
10          MS. SHEEDY:  Calls for speculation.
11  Objection.
12      A.   I only can speak for me and my wife on
13  that.
14          BY MS. PRETEROTI:
15      Q.   You said prior to receiving the flyer
16  you hadn't really considered filing a lawsuit.
17  Why are you participating in the suit today?
18      A.   Because civil rights was violated.
19      Q.   I just want to talk to you a little
20  bit about the individual defendants in this case.
21  You had previously said that you've never met
22  Aaron Speed?

Page 157

1       A.   No.
2       Q.   So you have no personal knowledge
3   about Aaron Speed, is that fair to say?
4       A.   Do not know him.
5       Q.   Do you know Patrick Walsh?
6       A.   Do not know him.
7       Q.   Do you know Roy McCann?
8       A.   Do not know him.
9       Q.   What about a gentleman named Jeremy
10  Parady?
11      A.   Do not know him.
12      Q.   Michael Everhart?
13      A.   Do not know him.
14      Q.   Do those names sound familiar to you?
15      A.   I received literature on them.
16      Q.   Are you aware of any statements made
17  by any of those individual defendants?
18      A.   Yes.
19      Q.   Can you tell me those statements
20  you're aware of?
21      A.   Aaron Speed, is that his name?
22      Q.   Yes.